NICHOLAS G. IGLEHART *et al.* Appellants, *vs.* THE CHICAGO AND ALTON RAILWAY COMPANY *et al.* Appellees.

*Opinion filed June 16, 1909—Rehearing denied October 21, 1909.*

1. DEDICATION—*offered dedication may be withdrawn before acceptance.* The making of a plat is a mere offer to dedicate, which, in the absence of circumstances which will estop the owner, may be withdrawn at any time before the offered dedication is accepted.

2. SAME—*dedication, though formal, is incomplete until acceptance.* The dedication of a street, even though in formal compliance with the statute, is incomplete until acceptance, and until acceptance the fee remains in the original proprietor, and his conveyance of abutting lots before acceptance carries title to the center of the street, subject to the offer of dedication.

3. SAME—*when owner of platted ground has no reversionary interest in fee of street.* Where platted territory is open prairie and there is no municipality in existence or in process of organi-

zation which can accept the dedication, the fee of platted streets remains in the owner, regardless of the question whether the plat is a statutory one or not, and if, before public acceptance, he conveys lots upon a platted street his grantee takes the fee to the center of the street, and the grantor has no reversionary interest therein. (*Hamilton* v. *C., B. & Q. R. R. Co.* 124 Ill. 235, followed.)

APPEAL from the Superior Court of Cook county; the Hon. BEN M. SMITH, Judge, presiding.

ARND & ARND, for appellants:

The title to Wright street was held in abeyance and vested in the town of Cicero upon its subsequent incorporation, and the subdividers had no power to convey title to the street prior to the incorporation of the town of Cicero. Rev. Stat. 1845, chap. 25, sec. 21; *Hunter* v. *Middleton*, 13 Ill. 50; *Canal Trustees* v. *Havens*, 11 id. 554; *Gebhardt* v. *Reeves*, 75 id. 301; *Brooklyn* v. *Smith*, 104 id. 429; *Sanitary District* v. *Adam*, 179 id. 406.

Wright street was abandoned for street purposes and the title thereto reverted to appellants, as heirs of Nicholas P. Iglehart. *Hunter* v. *Middleton*, 13 Ill. 50; *Gebhardt* v. *Reeves*, 75 id. 301; *Zinc Co.* v. *LaSalle*, 117 id. 411; *Winnetka* v. *Prouty*, 107 id. 218; 3 Kent's Com. 448; *Peoria* v. *Johnston*, 56 Ill. 51; *Auburn* v. *Goodwin*, 128 id. 57.

WINSTON, PAYNE, STRAWN & SHAW, (SILAS H. STRAWN, RALPH M. SHAW, and WALTER H. JACOBS, of counsel,) for appellees:

Although a dedication is made by the owner of land substantially complying with the requirements of the statute, nevertheless, if before acceptance the dedicator conveys the lots abutting upon the street, such a conveyance conveys to the grantee of the abutting property the fee to the center of the street, and in the event of a subsequent vacation there is no reversion to the original dedicator or his heirs. *Hamilton* v. *Railroad Co.* 124 Ill. 235; *Owen*

v. *Brookport,* 208 id. 35; *Thompson* v. *Maloney,* 199 id. 276; *Venice* v. *Ferry Co.* 216 id. 345; *Russell* v. *Railway Co.* 205 id. 155.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is an action of ejectment for a strip of land occupied by the Chicago and Alton Railroad Company, the Chicago and Alton Railway Company and the Joliet and Chicago Railroad Company as a road-bed and right of way. There was a finding and judgment for the defendants, and the plaintiffs have appealed.

The evidence shows that Nicholas P. Iglehart was on the 30th day of November, 1853, the owner in fee of the west half of the south-east quarter of section 36, township 39, in Cook county, Illinois, and that said Iglehart on that day, in connection with John Evans, who owned in fee the east half of said quarter section, made and executed a plat subdividing said south-east quarter section into lots and blocks, streets and alleys, and designated such subdivision "Town of Brighton." The land in controversy in this suit is a part of one of the streets of the said town of Brighton, known as Wright street, and comprises all of that portion of said street lying between Kinkeade street on the west and Blanchard avenue on the east. Plaintiffs below (appellants here) claim title to the strip in question as heirs of their deceased father, Nicholas P. Iglehart.

Appellants' contention is, that the platting of the subdivision divested the dedicator of the fee but left in him the possibility of reverter in case the street should afterwards be vacated, and that there was afterwards such abandonment or vacation of said street, whereby the fee reverted to and re-invested in the appellants, as the devisees of the dedicator. To this contention appellees reply (1) that the original dedication was not made in accordance with the statute of 1845, and that such dedication can only be upheld as a common law dedication, from which the conclu-

sion is drawn that the fee in the street in question vested, by the conveyance of the abutting lots, in the grantees of the dedicator; (2) appellees contend that even if the dedication was made in compliance with the statute then in force, the fee in the street in question did not vest in the municipality, for the reason that there was no such municipality as the town of Brighton to accept such dedication, and that before the premises in question became a part of the territory of any municipality the original dedicator had conveyed all the lots abutting on both sides of that portion of Wright street in question by a deed which conveyed said lots to the center of Wright street.

In the view we take of this case the second contention of appellees presents a complete defense to appellants' cause of action. When the platting was made the territory embraced was open prairie. The town of Brighton never existed except in name—on paper. The making of the plat, until accepted, was a mere offer on the part of the owner to dedicate, which, in the absence of circumstances which would estop the owner, could be withdrawn at any time before acceptance. (*Littler* v. *City of Lincoln*, 106 Ill. 353.) January 31, 1855, before any steps were taken to organize the platted territory into a town, Nicholas P. Iglehart and wife conveyed all of the lots in the subdivision which fronted on that part of Wright street involved in this suit. The deed of Nicholas P. Iglehart and wife, dated January 31, 1855, conveyed to James W. Cochran, for a consideration of $19,600, "lots 81 to 150, inclusive, and lots 153 to 160, inclusive, being seventy-eight one-acre lots, all in the town of Brighton, in the west half of the south-east quarter of section 36, 39, 13, with other property." This deed includes all of the lots abutting on that part of Wright street that is in controversy in this suit. At the time of the making of this conveyance no municipality was attempting to exercise any governmental functions over the territory in controversy.

We think the execution of this conveyance to Cochran vested the fee in the grantee to the center of Wright street, and since this deed included all the lots on both sides of Wright street, it follows that Nicholas P. Iglehart did not, at the time of his death, have a reversionary interest in the fee of this street. It is wholly immaterial whether the plat was executed in accordance with the statute or only operated as a common law dedication. In either case the result is the same. (*Hamilton* v. *Chicago, Burlington and Quincy Railroad Co.* 124 Ill. 235; *Owen* v. *Village of Brookport,* 208 id. 35.) The *Hamilton case* above cited is directly in point and is conclusive of appellants' right to recover. The dedication of the street, even if in formal compliance with the statute, was necessarily incomplete until there was an acceptance. (*City of Venice* v. *Ferry Co.* 216 Ill. 345.) Until acceptance the fee remained in the original proprietor, hence a conveyance of abutting lots before acceptance carried the title to the center of the street, subject to the offer of dedication. (*Hamilton* v. *Chicago, Burlingon and Quincy Railroad Co. supra.*) It is by no means clear that the premises in question ever became a street at any time. It is true that in 1869 the town of Cicero was incorporated under a special act of the legislature and included within its limits the south-east quarter of said section 36, but many years before this town was incorporated, appellee the Joliet and Chicago Railroad Company had laid out its right of way sixty-six feet wide in the so-called Wright street, had erected fences enclosing its right of way and was in the exclusive possession of the said strip for railroad purposes. There was no travel upon it except travel upon the trains of the railroad company. In 1889 a portion of the town of Cicero, including the premises in question, was annexed to the city of Chicago. In 1900 the city of Chicago required the Chicago and Alton Railroad Company, the successor to the Joliet and Chicago Railroad Company, to elevate its road-bed, which has been done, and the prem-

ises in question in this suit are now exclusively occupied by the Chicago and Alton Railroad Company's elevated tracks and are in its possession for railroad purposes. There is not now, nor has there ever been at any time in the past, a general use of these premises as a street by the public.

We do not deem it necessary to consider other questions argued in the briefs of counsel.

The judgment of the court below is affirmed.

*Judgment affirmed.*