---

(No. 11250.—Judgment affirmed.)
THE VILLAGE OF MIDDLETOWN, Appellee, *vs.* JAMES A. GLENN, Appellant.

*Opinion filed April 19, 1917.*

1. HIGHWAYS—*when width and location of highway may be determined by fences on either side of it.* The width and location of a highway which was not originally laid out under the statute by the commissioners of highways may be determined by the fences built by the owners on either side of it, whether the highway exists by prescription or dedication.

2. SAME—*use of strip of land as a highway by public for fifteen years constitutes it a public highway.* User by the public of a strip of land as a highway for a period of fifteen years constitutes the same a public highway, and where a road which was not originally laid out under the statute has been bounded on one side by a hedge fence for more than twenty years, the public using the road during that time under claim of right up to said hedge, the hedge is properly held to be the boundary of the road.

3. SAME—*whether user by public of strip of land as highway is adverse is for the jury.* It is for the jury to say whether the acts of the public in using a disputed strip of land as a highway were of such character or nature that it will be inferred the land owner had notice of their adverse character.

APPEAL from the Circuit Court of Logan county; the Hon. THOMAS M. HARRIS, Judge, presiding.

HUMPHREY & ANDERSON, for appellant.

BEACH & TRAPP, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellee, the village of Middletown, brought suit in the circuit court of Logan county against appellant, James A. Glenn, in an action of debt to recover a penalty provided by ordinance of the appellee village for obstructing a public street.  The declaration averred that notice had been given appellant to remove the obstruction, which consisted of a fence, and recovery was sought for continuing the obstruction after receiving notice.  Issue was joined and the cause was tried by a jury, resulting in a verdict and judgment for three dollars in favor of the village, from which judgment Glenn has prosecuted this appeal.

The errors discussed in appellant's brief and argument are the giving of instructions for appellee and the refusal to grant a new trial on the ground that the evidence did not support the verdict.

The village of Middletown was incorporated in 1900 and had existed as an unincorporated village for more than fifty years prior to that time.  It has about 700 population. Columbia avenue runs east and west through said village along the line of the center of the southwest quarter of section 18 and is shown by the plat of the village to be sixty feet wide.  It is, and for many years has been, a principally traveled thoroughfare, being known as part of the State road from Springfield to Peoria.  Appellant owns a fractional forty acres of land in the west part of the village and abutting said avenue on the south.  He purchased said land in 1890, at which time there was a hedge fence on the north side of said land and along the south side of this road or avenue, which had been there for some twenty years.  In the spring of 1916 appellant cut down the hedge and set a new wire fence along this road some fourteen

or fifteen feet north of the line of the hedge. It was for the continuance of this alleged obstruction that this suit was brought.

Appellant contends the new wire fence is constructed on the line of the south boundary of the street and that the old hedge was not on said line; that previous to the setting out of the hedge, many years ago, there was a plank fence north of the hedge fence which was the south side of the road, and after the hedge grew up it was taken away in part and rotted down in part; that the line of the old fence is the south line of the road; that the new fence constructed is substantially where the old plank fence formerly was, and that the strip between the hedge and where the old plank fence formerly stood has not been dedicated to the village or the public nor acquired by prescription. Appellant testified to the existence of the old plank fence some eight feet north of where the hedge fence stood, and two other witnesses testified they thought they remembered such fence but fixed its location or distance north of the hedge three or four feet. Two men who dug post-holes for the new wire fence, which was placed some fourteen or fifteen feet north of the hedge, testified to finding stubs of a few posts in the ground along the line of the fence. Many witnesses who had been acquainted with the road and this piece of land for from thirty to fifty or more years testified they did not remember such plank fence standing north of the hedge fence, but many of them testified the hedge at different times and at different places had been patched or filled in with planks, especially when the hedge was young.

The public road to the north of appellant's land was shown to have been used as such for more than fifty years. The sole question involved was the location of the southern boundary of the road along the north side of appellant's land. As the road was not originally laid out under the statute by the commissioners of highways, its width and location would be determined by the fences built by the

owners on either side of it, whether it existed by prescription or dedication. (*Town of Harmony* v. *Clark,* 250 Ill. 57.) The proof was conflicting as to whether the plank fence north of the hedge ever existed. The hedge fence had been in existence some twenty years before appellant bought the land, in 1890. If the plank fence ever existed and was located a few feet north of the hedge its exact location is uncertain. The proof shows the public for more than thirty years have traveled this road from the hedge on the south to the fence on the north, including the strip in question between the line of the old hedge and that of the new wire fence, some fifteen feet north. In muddy times this strip, which is south of the ditch on the south side of the road, was used for travel on horseback, openly and under claim of right. The public authorities graded and cared for the road, dug ditches on either side and mowed the weeds on the strip in question since about 1894. The proof further shows that the appellant located his new wire fence twenty feet south of the half-section line and without reference to where the old plank fence he claims once existed was located. Without regard to the existence or location of the claimed plank fence many years before appellant purchased the land, the proof, we think, warranted the conclusion that the strip in question is a part of the highway bounded on the south by the hedge. User by the public of a strip of land as a highway for a period of fifteen years constitutes the same a public highway. (Hurd's Stat. 1916, chap. 121, sec. 139; *Thorworth* v. *Scheets,* 269 Ill. 573.) Where the south boundary or line of this highway was was a question of fact, and depended upon the circumstances and proof made as to the use of this strip of land in dispute. It was for the jury to say whether the acts of the public with reference to such disputed strip were of such character or nature that it will be inferred the land owner had notice of their adverse character. *Thorworth* v. *Scheets, supra.*

The instructions given stated correctly the law applicable to the case, and in our opinion the verdict is in accord with the weight of the evidence.

The judgment is affirmed.     *Judgment affirmed.*