WILLIAM LEE, Plaintiff in Error, *vs.* WILLIAM DICKMAN, Defendant in Error.

*Opinion filed April 24, 1925.*

1. HIGHWAYS—*act of tenant in possession cannot destroy established public road.* Where a road has become a public highway by adverse use as such for the statutory period, the act of the tenant in possession in ploughing up the road will not destroy its character as a public highway.

2. SAME—*when consent to erection of fence does not bar defense in a suit for trespass—evidence.* Where the defendant in a suit for trespass sets up the defense that the property entered upon is a public highway, he cannot be barred of such defense by virtue of any agreement he may have made as to the erection of a fence across the highway, and any evidence of such agreement is properly excluded as not being material to the issue.

3. SAME—*when evidence of existence of private way is not material in suit for trespass.* In a suit for trespass, where the defense is set up that the property entered upon is a public highway, evidence on the question whether or not the defendant had a private way leading in another direction, so that he was not required to use the alleged highway, is not material to the issue, as such fact cannot affect the right of the defendant to defend the charge of trespass on the ground that he was using a public highway.

4. SAME—*when a road becomes a public highway by user.* The test in determining whether a road has become a public highway is whether or not the public generally has had the free and unrestricted right, in common, to use the road, and where it is shown to have been openly and notoriously used as an open public highway in common by all the people for the statutory period of fifteen years it will be considered a public highway.

316—34

5. SAME—*when party denying existence of highway must show public use was permissive.* Where the use and enjoyment of a roadway by the public have continued for the time required by statute to create a prescriptive right, the burden is on the party denying the existence of the highway to show that the use was under some license or indulgence inconsistent with the claim of the right by the public, and the mere fact that no objection was raised is not sufficient to show a permissive use.

WRIT OF ERROR to the Circuit Court of Madison county; the Hon. LOUIS BERNREUTER, Judge, presiding.

D. H. MUDGE, for plaintiff in error.

J. F. EECK, for defendant in error.

Per CURIAM: Plaintiff in error filed a suit in trespass against defendant in error charging that on certain days in August and September, 1920, defendant in error broke through and damaged the fence of plaintiff in error and trespassed upon the latter's lands. Defendant in error filed a special plea, in which he alleged that the place where he broke the fence and crossed the lands of plaintiff in error is a public highway and had been used as such for more than fifteen years before the fence was constructed across the road. The cause was tried before a jury and a verdict rendered by them finding the defendant in error not guilty. The verdict was later set aside and a new trial granted, and on January 11, 1922, the cause was again tried and the jury again found defendant in error not guilty. Motion for a new trial was overruled and judgment entered on the verdict. Plaintiff in error urges that the verdict was contrary to the manifest weight of the evidence, and that the court erred in ruling on the admissibility of evidence and in instructing the jury.

Plaintiff in error is the owner of a tract of 72.32 acres of land lying on the north side of the concrete road between Edwardsville and St. Louis, known as the Mitchell road, on the east side of the right of way of the Illinois

Traction System, which extends from the northeast to the southwest through the lands of defendant in error, which adjoin plaintiff in error's lands on the north. The road claimed to be a public road extends from the Mitchell road north through the lands of plaintiff in error to a point a few rods east of the house of defendant in error. The evidence showed that for a number of years this road extended and was used beyond the house of defendant in error to a point near the north line of his premises where the traction company has a switch. It is not disputed, however, that the road is not now used as a public road beyond the house of defendant in error, although the evidence does not disclose why or in what manner it became closed.

Concerning the character of this road as a public highway defendant in error offered the testimony of thirteen witnesses and plaintiff in error that of eleven witnesses. There appears in the evidence the contradiction that usually occurs where witnesses are endeavoring to testify concerning matters extending back over a period of years. It is quite evident from the reading of the abstract of evidence, however, that there are certain facts conceded by all. One is, that a road has existed over the premises owned by plaintiff in error for a period of about fifty years; that this road was used not only for the purpose of going in to the premises of defendant in error, but that it was used for the purpose of hauling materials from the switch of the traction company south to the Mitchell road, and likewise for hauling logs and building material north across these premises to the bridge built by the traction company across Cahokia creek, and in building a flood-gate on that creek north and east of the premises of plaintiff in error. The evidence is that no one ever requested permission to travel over this land, and no objection was ever made prior to 1918, when a fence was built across this road, extending east and west on the boundary line between the lands of the parties to this suit. For a portion of this time this land was unenclosed.

The principal controversy of fact pertaining to the use of the road arises over the character of that use. Witnesses for plaintiff in error testified that at the time they knew the road it was not in its present location or in that shown by the witnesses for defendant in error. This issue of fact was plainly put before the jury. By their verdict they necessarily found that the road had been at its present location for the statutory period required, and we are unable to say that their verdict was contrary to the manifest weight of the evidence. While it was shown that this road was plowed up in 1917 and 1918, yet if the testimony of defendant in error's witnesses is true the road had become a public highway prior to that time, and such act of the tenant in possession could not destroy its public character.

Plaintiff in error sought to show that the fence in question, which was on the boundary line between his lands and those of defendant in error, was built by agreement with the latter. This evidence was not admitted, and the ruling of the court thereon is assigned as error. The gist of this lawsuit lies in the issue concerning the guilt of defendant in error of the charge of trespassing on the lands of plaintiff in error. If this road had become a public road prior to the time the fence was put across it, it was of no consequence whether defendant in error consented to the building of the fence or did not. The fact that he consented, if he did, does not bar his defense against a charge of trespass on the ground that the road was a public road.

It appears from the evidence that a private road extends west from the house of defendant in error along the south line of his lands and joins with a road west of plaintiff in error's property extending south to the Mitchell road, and plaintiff in error sought to show that this private road had been purchased by defendant in error. Such evidence was held by the trial court to be immaterial to the issues involved. This ruling was right. Whether he may have had a private way leading in other directions has nothing to

do with the question whether the road involved here is a public road, and such fact would not affect the right of defendant in error to defend against the charge of trespass on that ground.

Under the law of this State, user by the public of a strip of land for a highway over a period of fifteen years constitutes the same a public highway. (Cahill's Stat. chap. 121, sec. 139; *Village of Middletown* v. *Glenn,* 278 Ill. 149.) The test in determining whether a road has become a highway is whether or not the public generally had the free and unrestricted right in common to use the road, and where it is shown to have been openly and notoriously used as an open public highway in common by all the people for the statutory period it will be considered a public highway. (*Phillips* v. *Leininger,* 280 Ill. 132.) The use and enjoyment of a roadway by the public for the time required by the statute creates the presumption of a grant or a way by prescription, in the absence of proof that the use by the public was a permissive use rather than an adverse use. Where such use is shown, the burden is on one denying the existence of a public highway to show that the use was under some license or indulgence inconsistent with the claim of the right by the public. (*Law* v. *Neola Elevator Co.* 281 Ill. 143; *Thorworth* v. *Scheets,* 269 id. 573.) There is in this record nothing to indicate that permission was sought or given in the use of this road. The public used it without any attempt to secure permission, and the fact that no objection was raised is not sufficient to show a permissive use.

Instructions are complained of, but under the views herein expressed the jury were properly instructed.

There is no reversible error in the record, and the judgment will be affirmed.

*Judgment affirmed.*