FRED K. NIMPFER, Appellant, *vs.* THE VILLAGE OF FOX
LAKE *et al.* Appellees.

*Opinion filed February 20, 1929.*

JOHN R. BILLS, and ARTHUR BULKLEY, for appellant.

R. W. CHURCHILL, for appellees.

Mr. JUSTICE HEARD delivered the opinion of the court:

Appellant, Fred K. Nimpfer, filed his bill, amended bill, supplemental bill and second amended bill in the circuit court of Lake county praying for an injunction to restrain appellees, the village of Fox Lake and certain of its officials, from opening a street or roadway in a certain subdivision in the village. A temporary injunction was issued. Appellees appeared and moved the court to dissolve the injunction for matters apparent upon the face of the bill. The motion was heard and a decree entered dissolving the injunction and dismissing appellant's bill for want of equity, from which decree an appeal has been perfected to this court.

Appellant's amended bill, among other things, alleged that he purchased two lots from Angenettie Ostrander in accordance with a purported plat recorded by her; that said property consists of a large family hotel, surrounded by well-kept lawns and shade trees, and fronts on Fox lake; that between said lots the supposed plat showed a roadway, which had never been opened to the public and which served only the two lots belonging to him and which was of no

benefit to any other lot owners in the subdivision; that the roadway had never been surveyed or staked off, and it would be impossible to know where it crossed the land of complainant without being surveyed and staked off; that he and his grantor had maintained a fence along the boundaries of his property and across the supposed roadway for a long number of years and that he had been in the actual possession of the disputed tract since he purchased his two lots; that the plat of the purported subdivision had endorsed on it, over the signature of the board of trustees of the village of Fox Lake, that the plat was approved by the president of the board of trustees of the village; that there was no legal meeting ever held by the trustees of the village of Fox Lake at which this action was taken; that before official action on the part of the village of Fox Lake was taken to accept the plat the complainant and Angenettie Ostrander withdrew their offer to dedicate the roadway in question, and that the withdrawal was evidenced by fencing the roadway against the use of the public and notifying said officials that the offer to dedicate the roadway had been withdrawn, by refusing to allow the public to use said roadway and by the conveyance to appellant by deed from Angenettie Ostrander to him, recorded in the recorder's office of Lake county, of the strip in question, by which he became the owner thereof; that the supposed plat was informal and not in compliance with the statute of the State relating to plats, and did not constitute a statutory plat of the subdivision for the reason that no permanent monument from which future surveys were to be made was indicated thereon; that before the village of Fox Lake had in any way attempted to accept the plat the designer of the plat conveyed by various deeds property located in the supposed subdivision; that he has obtained the ill-will of certain members of the board of trustees of the village and that such members are attempting to open up the roadway for that reason, only; that the board of trustees of the village

has never accepted the plat by legal official action, by use, improvement of the streets or by taking possession of the streets of the subdivision; that there has been no official action taken by the village board to cause the roadway to be opened, and that on the strip of land there are numerous large trees and shrubs, which are of great value to him in connection with the use of his property as a summer hotel.

The motion to dissolve the injunction and to dismiss the bill operated as a demurrer to the bill, and the only question to be determined here is whether or not the bill on its face contained a sufficient statement of ultimate facts to entitle appellant to an injunction against appellees, assuming the facts stated in the bill to be true.

Where a municipality undertakes to take possession of a street to which it has no right the proper remedy is a bill for injunction. (*Rose* v. *Village of Elizabethtown,* 275 Ill. 167; *Springer* v. *City of Chicago,* 308 id. 356.) By section 1 of chapter 109, (Smith's Stat. 1927, p. 2064,) which provides for the making of plats by the owner of land which he wishes to subdivide into lots, streets and alleys, it is provided: "Reference shall also be made upon the plat to some known and permanent monument from which future surveys may be made, or, if no such monument shall exist within convenient distance, the surveyor shall, at the time of making his survey, plant, and fix in such manner that the same shall not be moved by frost, at the corner of some public ground, or, if there be none, then at the corner of some lot or block most convenient for reference, a good and sufficient stone, to be furnished by the person for whom the survey is made, and designate upon the plat the point where the same may be found." By the statute the title to a street dedicated to and accepted by a village under a statutory plat becomes vested in the village. This statute is in derogation of the common law, and a plat which does not strictly comply with the provisions of the statute is not a statutory plat. (*City of Chicago* v. *Drexel,* 141 Ill. 89;

*Village of Winnetka* v. *Prouty,* 107 id. 218.) In the instant case, at the time the plat was filed with the village trustees some lots had been sold and the person filing the plat was not the then owner of land sought to be subdivided, as required by the statute, and the plat likewise failed to comply with the statute in not referring to some permanent monument or fixed cornerstone from which future surveys might be made. The plat must therefore be held not to be a statutory plat. The making and recording of such a plat is no more than an offer, which is binding on the maker of the plat but not upon the municipal authorities until acceptance. The owner of the property cannot, by making a plat of an addition to a city, impose upon the public authorities the burden of caring for the streets and alleys included in his subdivision of the property. (*Littler* v. *City of Lincoln,* 106 Ill. 353; *Hamilton* v. *Chicago, Burlington and Quincy Railroad Co.* 124 id. 235.) The approval of the plat by the city council is not an acceptance of the streets and passageways shown upon the plat. Notwithstanding such approval the city still has the right to elect what streets upon the plat shall become public highways and public charges upon the municipality for their maintenance. (*Russell* v. *Chicago and Milwaukee Electric Railway Co.* 205 Ill. 155; *People* v. *Massieon,* 279 id. 312; *Hoerrmann* v. *Wabash Railway Co.* 309 id. 524.) The making of a plat not in compliance with the statute, and the sale of lots with reference thereto, are only evidence of an intent to dedicate, which, like every other dedication, to be made complete and carried into effect so as to create public rights, must be accepted and acted upon by the public. Such a plat has no effect as a conveyance, and an offer to dedicate thereby created may be revoked by the owner or his grantee at any time before acceptance by the public. What constitutes a revocation of an offer to dedicate depends very largely upon the circumstances and is usually a question of fact, and it may be shown by acts inconsistent with the

public use for which the land is offered to be dedicated, as, by the conveyance of the property, or by enclosing the land so as to exclude the public use, or by erecting buildings on the land offered to be dedicated as a street. (*Rose* v. *Village of Elizabethtown, supra.*) This is not a controversy between appellant and private owners who have purchased land in the platted property. No such owners are parties to the proceedings and none of them are seeking to contest the relief which the complainant is seeking by his bill to obtain as against the village. They are not necessary parties to this bill, as any easements which they may have in and over the premises in question are not here in controversy, and their right to such easements, if any, has no tendency to establish the title of the city to such premises as a public street or highway. Their rights, if any, are purely in the nature of private rights founded upon a grant or covenant, and no public rights attached to the premises in question as a roadway until there had been an express or implied acceptance of the dedication, evidenced either by general public use or by the acts of the public authorities. *City of Chicago* v. *Drexel, supra; Rose* v. *Village of Elizabethtown, supra.*

When the bill in the instant case is tested by the rules laid down in the cases cited and other similar cases, we find that it states sufficient ultimate facts to require it to be answered by appellees, and that the court could not say from the face of the bill, as a matter of law, that appellant was not entitled to the relief sought.

The decree of the circuit court of Lake county is reversed and the cause remanded to that court for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*