(No. 25122.—

MICHAEL VAN AMBURG *et al.* Appellees, *vs.* WILLIAM R. S. REYNOLDS *et al.* Appellants.

*Opinion filed October 10, 1939—Rehearing denied Dec. 6, 1939.*

318

W. D. Lyerle, for appellants.

Paul D. Reese, for appellees.

Mr. Justice Murphy delivered the opinion of the court:

Michael Van Amburg, a farm owner, and Alvin Cain, his tenant, appellees, instituted a suit in the circuit court of Union county to enjoin William and James Reynolds, appellants, from closing and obstructing a certain roadway. The complaint alleged the road had been continuously traveled by the public, appellees and their grantors for more than twenty years; that such user was adverse, open, notorious and was with the knowledge of appellants. It is stated that the roadway had always followed the same course. Appellants' answer denied the foregoing allegations and, as a special defense, alleged the roadway was for their own use, that it had not been laid out by law or dedicated as a public road. Through the years they posted notices

prohibiting any one using the road and travel thereover had been with their permission. The matter was heard before the court and the chancellor found the road had been used continuously by the public for more than forty years; that such user was adverse, open, notorious and under a claim of right in the public; that appellants knew of such use by the public and that the provisions of the Roads and Bridges act, (Ill. Rev. Stat. 1937, chap. 121, par. 152,) when applied to the evidence, established it was a public highway fifteen feet in width. A permanent injunction was issued and this appeal followed.

Appellants have assigned sixteen errors, the first of which is that appellants' motion, made at the close of all the evidence, should have been sustained. Numbers two to eleven, inclusive, assigned errors of fact, and the twelfth, that improper evidence was admitted. The remaining errors are not urged.

The motion filed by appellants at the close of all the evidence amounted to a demurrer to the evidence on questions of fact. In a case where issues of fact in an equitable action are tried by the chancellor, and the parties are not entitled to a trial by jury, a demurrer to the evidence is not recognized and should not be considered. *Hiss* v. *Hiss,* 228 Ill. 414.

In considering assigned errors of fact, we are limited in the scope of our inquiry to a determination of whether the findings of fact made by the chancellor are clearly and palpably against the weight of the evidence. We will not reverse unless they are. (*Hess* v. *Killebrew,* 209 Ill. 193; *Hudson* v. *Hudson,* 222 id. 527; *Moneta* v. *Hoffman,* 249 id. 56.) This is especially true where the findings depend upon the credibility of witnesses whose testimony was weighed by the chancellor. *Gouwens* v. *Gouwens,* 237 Ill. 506; *Keating* v. *Frint,* 291 id. 423.

A general description of the Van Amburg land is the southwest and the southeast quarters of section 14 and

the north one-half of the north one-half of section 23. A general description of appellants' land which lies directly east of the Van Amburg land is the west one-half of the southwest quarter of section 13; the west one-half of the northwest quarter and the west one-half of the southwest quarter of section 24. Excepting the land owned by Van Amburg, the appellants own all of section 23. The Van Amburg farm is, therefore, bounded on the east and south by the farm of appellants. The lands are located in the Mississippi river bottoms and parts of them are crossed by sloughs or depressions which at certain times of the year are filled with water. The roadway in question substantially follows a bank of one of these sloughs. This particular slough intersects the north line of the Van Amburg land approximately one-eighth of a mile west of the northeast corner. For some distance it extends in a general southeasterly direction to the section line between sections 13 and 14, thence southerly on or near the section line approximately a mile and a quarter to where it intersects an east and west gravel road. The northern end of the roadway begins at the northwest corner of the appellants' land in section 13 about one-eighth of a mile east of the place where the slough intersects the north line of the Van Amburg land. The road extends southerly on the Van Amburg land until it intersects the east bank of the slough near the section line between sections 13 and 14 and then follows on the east bank of the slough onto the gravel road. It will be noted that at certain points, the road is entirely on the Van Amburg land but for the greater part of the distance it is on the land of appellants. The record title of all the lands is traceable to a common source in James J. Provo. In 1870, Provo conveyed the Van Amburg lands to Michael N. Heilig and appellee Van Amburg acquired title in 1922 from the Heilig heirs. In 1872 and 1876, Provo conveyed the lands owned by appel-

lants to their father, and in 1892 appellants acquired the title held by their father.

There are two sets of improvements along the roadway. One, occupied by Cain on the Van Amburg land, is on the west side of the road near the north end. Across the road and slightly north of the Cain residence is a house on appellants' land. It was formerly used by appellants as a tenant house, but, in 1936, they discontinued such use. As bearing upon the necessity, in the first instance, for the opening of such road and its continued user, it should be noted, that a public road exists on the west side of the Van Amburg land. Between the Cain residence and the west road is a slough which for many months of the year is impassable because it is filled with water. For many years the way of ingress and egress to the Cain residence and the abandoned house on appellants' land was over the roadway in question. There is some evidence which tends to prove the public, at times, traveled the roadway and went on north across the land north of the Van Amburg farm. The evidence of appellees' witnesses conclusively shows that the road had been in existence for more than twenty years. Appellant James Reynolds testified that to his knowledge it had been in existence for fifty years. The conflict in the evidence narrows down to the character of the use. A large number of witnesses testified for the respective parties and it would not serve any useful purpose to make an analysis of the evidence of each witness. It is not denied that the road was used by the tenants who occupied the buildings referred to. They moved farm machinery and grain and drove all kinds of vehicles over the road at will. In addition, there is evidence showing the public, generally, used the road and traveled it at will without first gaining the permission of appellants. It was traveled so extensively that at times it needed repairs and the road was repaired in places by the spreading of gravel and cinders. Appellants

owned land on both sides of the road south of the south line of the Van Amburg land and it is not denied that, at places, they erected fences on each side, leaving the roadway open. Appellants urge that the location of the road has been changed and it was never stabilized in any one place for a period of fifteen years or more. The changes referred to were immaterial and were occasioned by the straightening of the road and to avoid stumps or mudholes. For a distance, the road, at one time, extended through a timber strip. The timber was cut and the location of the road was moved a short distance to the west, keeping upon the east bank of the slough. In *Mudge* v. *Wagoner,* 320 Ill. 357, a road case, it was contended the road had not been definitely located; we held that to establish a public highway by user, it was not necessary that all vehicles that traveled it should follow exactly the same rut. If the use was over substantially the same strip, changes in the wheel ruts, necessitated by the condition of the road or occasioned by meeting other vehicles, would not constitute a change of location of the road.

The statute declares that user by the public of a strip of land as a highway over a period of fifteen years constitutes the same a public highway. (Ill. Rev. Stat. 1937, chap. 121, par. 152.) The test in determining whether a road has become a highway by user is whether or not the public, generally, had the free and unrestricted right in common, to use the road. Where a road has been shown to have been openly and notoriously used as an open public highway in common by all the people for the statutory period, it will be considered a public highway. (*Phillips* v. *Leininger,* 280 Ill. 132; *Lee* v. *Dickman,* 316 id. 529.) In determining whether a strip of ground has become a public highway by user the test is not the number of persons actually using it, but the character of the use,—that is, whether or not the public, generally, had the free and unrestricted right to use the road. (*Mudge* v. *Wagoner, supra.*) Where

a roadway is shown to have been used and enjoyed by the public for the time required by statute, a presumption arises that such grant or use was prescriptive, and the burden is on one denying the existence of a public highway to show that the use was under some license or indulgence inconsistent with the claim of the right by the public. *Lee* v. *Dickman, supra; Thorworth* v. *Scheets,* 269 Ill. 573; *Law* v. *Neola Elevator Co.* 281 id. 143.

The chancellor's findings of fact are supported by the evidence. It is urged there is no evidence the user of the roadway covered a strip fifteen feet in width. No witness testified as to the exact width but there is ample evidence showing the uses made and the travel upon it which justifies the finding that it was fifteen feet in width.

The twelfth assignment in error was in reference to the admission of certified copies of deeds, some of which were in appellants' chain of title and some in appellees'. The parties stipulated the ownership of the several tracts of land and no error was committed by the admission of the certified copies.

The decree of the circuit court of Union county is affirmed.

*Decree affirmed.*