**J. Donald Pilgrim, Highway Commissioner of the Town of Lyndon, Plaintiff-Appellant, v. Charles O. Chamberlain, et al., Defendants-Appellees.**

Gen. No. 67–31.

Third District.

January 19, 1968.

234

Karl Yost, of Morrison, for appellant.

Jacob Cantlin and Donald E. Blodgett, of Rock Falls, and Stephen A. Deckro, Jr., of Morrison, for appellees.

ALLOY, P. J.

The cause before us involves action of the Circuit Court of Whiteside County with respect to a gravel road in the Town of Lyndon, Whiteside County. The record discloses that in 1858 the Commissioner of Highways of the Town of Lyndon refused to lay out a road in the town. Following this, a citizen on February 28, 1858, filed an appeal with the Town Clerk who selected three supervisors of the County of Whiteside to consider the appeal. Apparently, a survey was made after authorization by the Supervisors on April 8, 1858. The plat, however, which was filed consisted only of a single line drawn on a paper with no mention of the width of the proposed road which was being laid out. The evidence disclosed that for years the road in question was not opened or used to a width of four rods (66 feet). Such road followed fence lines, and such fence lines had comprised the road boundary for 60 or 70 years.

The 1857 dedication statute pursuant to which the procedures were apparently undertaken provided that the Commissioners of Highways were to lay out the roads and cause a survey to be made. It was further provided in such statute (Scates' Comp pp 353, 355, 357) that when the commissioners refused to lay out a road, an appeal could be made to the supervisors and, in the event the supervisors reversed the commissioners, the supervisors were authorized to proceed in laying out the highway in the same manner as the commissioners were so authorized. There was a further provision in the same statute that all public roads laid out by commissioners "shall not be less than four rods wide."

235

■■■■■■■■■

In 1966, the Highway Commissioner of the Town of Lyndon wished to improve the existing gravel road by grading and blacktopping it. The Dixon office of the Division of Highways apparently insisted that the roadway be graded and improved to a full width of 66 feet throughout. The Highway Commissioner requested that the adjoining owners move their fences back to a line which would provide a 66-foot right-of-way. Some of the owners refused to move their fences unless the town would pay for building the new fence. Following such refusal, the Commissioner filed the present action for a mandatory injunction to compel the owners to allow the Commissioner to grade and use the road to a full 66-foot width.

The case was heard without a jury and the trial judge entered a judgment on January 9, 1967, denying the injunctive relief sought. The simple issue is whether the Town of Lyndon has any title to and may utilize a 66-foot width for a road when that road has been used continuously between fence lines bordering on both sides of the road and has never been opened or used to a width of four rods at the locations in question.

■■ We first give attention to the question of whether or not the dedication in 1858 became, in effect, a statutory dedication or a common-law dedication. As stated in Clokey v. Wabash Ry. Co., 353 Ill 349, 187 NE 475, at pages 360–361:

"There is a marked distinction between the legal effect of property purported to be dedicated by statutory plat and that purported to be dedicated by common-law plat. By a statutory plat the fee to the premises purported to be conveyed is vested in the municipality having control over the way alleged to be dedicated, subject to acceptance by such authority, while under common-law plat the fee of the tract purported to be conveyed remains in the dedicator, burdened only with the easement over the way in

question and subject to the acceptance of such easement by the municipality to whom the dedication is purported to be made, or which, as a matter of law, has control over the ground dedicated. Under a common-law plat the grantor may, at any time prior to acceptance of the grant, revoke the dedication."

In the case before us, the highway commissioners refused to lay out a road and the supervisors reversed this determination and laid out the road. There is no showing that the supervisors complied with the applicable statute in that the plat, being a single line did not describe the width of the road. Even though the statute at this time stated specifically that all public roads to be laid out by the commissioners of highways of any town shall not be less than four rods wide, this provision would not necessarily apply to the supervisors when they laid out the road on appeal from the highway commissioner's decision since by statute they had the right to alter, discontinue, or lay out the road applied for as the case may be. The provision relating to the four-rod width refers only to roads laid out by the commissioners of highways of any town. We have noted the books of the commissioners of highways of the Town of Lyndon contained a recital on February 14, 1860:

"And we do further . . . that the line of said survey be the center of said Road and that the same be the width of four rods."

This does not, however, indicate that the supervisors had laid out a four-rod road at that time. Since the statute provides that the supervisors were to determine the nature of the road an order by the commissioners could not supplement or be used to complete a statutory dedication which may have been improperly undertaken and improperly completed by the supervisors. Since the supervisors had the right by statute to alter, discontinue or lay out the road, it is the action of the supervisors

which determines the nature of the road established at the time in question.

In Clokey v. Wabash Ry. Co., supra, it was concluded that there was no statutory dedication since the plat in that case made no reference to a monument or cornerstone as the applicable statute required. This was determined to be lacking and not in substantial compliance with the statute. In Nimpfer v. Village of Fox Lake, 334 Ill 46, 165 NE 143, at page 50, the court indicated that the plat failed to comply with the statute in not referring to some permanent monument or fixed cornerstone from which future surveys might be made. The court there concluded that the plat must, therefore, be held not to be a statutory plat. In Village of Augusta v. Tyner, 197 Ill 242, 64 NE 378, an attempted statutory dedication failed because the survey was made by a deputy county surveyor instead of the county surveyor as required by statute. In City of Ottawa v. Yentzer, 160 Ill 509, 43 NE 601, a plat was filed under a statute providing that the road when located shall be a State road and opened and kept in repair as other State roads. When it was never opened or used for public use, as the statute required, the court determined that there was no statutory dedication.

In considering the case before us, we recall the language in Nimpfer v. Village of Fox Lake, supra, at page 49, where the court pointed out:

> "By the statute the title to a street dedicated to and accepted by a village under a statutory plat becomes vested in the village. This statute is in derogation of the common law, and a plat which does not strictly comply with the provisions of the statute is not a statutory plat."

In view of the vague nature of the description and the plat in the case before us and the minutes which are shown on

238

the record, it is difficult to sustain the dedication as a statutory dedication in the years between 1857–1860.

■ ■ On the assumption that we are dealing with a common-law dedication, we need only the intention of the owner to donate the land to public use, its acceptance by the public, and clear, satisfactory and unequivocal proof of these facts (McCue v. Berge, 385 Ill 292, 52 NE2d 789, at pages 299–300). On the assumption that the most we have before us is a common-law dedication in the instant case, under such dedication the width of the road can be determined by the fence line established by the owners along the road (Village of Middleton v. Glenn, 278 Ill 149, 115 NE 847, at pages 151–152). In the Middleton case the court stated that the public road to the north of the land in question was shown to have been used for more than 50 years. The sole question was the location of the southern boundary of the road along the north side of the land:

> "As the road was not originally laid out under the statute by the commissioners of highways, its width and location would be determined by the fences built by the owners on either side of it, whether it existed by prescription or dedication."

As stated in Town of Harmony v. Clark, 250 Ill 57, 95 NE 47, at page 60:

> "As the road was not originally laid out under the statute by the commissioners of highways, its width would be determined by the fences built by the owners on each side of it, whether it existed by prescription or dedication."

In the latter case, the court determined that the evidence established the "rail fence on the north side of the road marked the boundary of the highway."

Where there is a common-law dedication, the municipality could accept a part of the road and reject the rest. The mere fact that the municipality approved the plat at the time it was originally recorded does not constitute acceptance on the part of the municipality of the streets and alleys contained therein. After acceptance of the plat the municipality still had the right to elect which of the streets shown thereon it will accept and it could accept a part and reject the remainder and might even accept part of a street and reject the remainder thereof (Clokey v. Wabash Ry. Co., supra).

Assuming there was a valid statutory dedication, the record still indicates that the Town of Lyndon did not accept the entire 66 foot width (Hamilton v. Chicago, B. & Q. R., 124 Ill 235, 15 NE 854). In the Hamilton case, the court stated:

> "It is well settled, that at common law, to make a complete dedication there must be acceptance,—not any formal act of acceptance, but that there must be user, or some other act indicating acceptance by the public authorities, in order to complete the dedication . . . And this principle applies to statutory dedications by the making, acknowledging and recording of a town plat, as well as to common-law dedications, as has been expressly decided by this court. (Littler v. City of Lincoln, 106 Ill 353.)"

To the same effect are City of Venice v. Madison County Ferry Co., 216 Ill 345, 75 NE 105, and Iglehart v. Chicago & A. R. Co., 241 Ill 268, 89 NE 431. Since the Town of Lyndon never opened the road to the 66-foot width in the areas in question it is difficult to sustain an acceptance of any more of the road than the portion of the road which was inside the fences.

We, therefore, conclude that under the record in this case, the width of the road at the points in question necessarily would be the width between the established

fence lines. We, accordingly hold that the Circuit Court of Whiteside County was justified in denying the request for a mandatory injunction and should be affirmed.

Affirmed.

STOUDER and HOFFMAN, JJ., concur.