LA SALLE NATIONAL BANK, as Trustee, Plaintiff-Appellee, *v.* THE CITY OF CHICAGO, Defendant-Appellant.

(No. 59022; )

First District (5th Division)—April 19, 1974.

*Rehearing denied May 22, 1974.*

Richard L. Curry, Corporation Counsel, of Chicago (William R. Quinlan and Daniel Pascale, Assistant Corporation Counsel, of counsel), for appellant.

Levin & Berger, of Chicago (Burton Berger and Arnold B. Malk, of counsel), for appellee.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

Plaintiff, as trustee, brought this action against defendant to quiet title to certain streets and alleys which had heretofore been platted as a recorded subdivision. The trial court, upon the pleadings, a stipulation of facts and the documents admitted into evidence, entered judgment in favor of plaintiff, awarding it title to the streets and alleys and removing and cancelling the dedicated plat, with the exception of 121st Street, 122d Street and Torrence Avenue.

On appeal defendant contends that: (1) the dedication had been impliedly accepted; and (2) any claim of title to, or interest in, the dedicated property in question, asserted by plaintiff against the defendant, is now barred by the Illinois Marketable Title Act (Ill. Rev. Stat. 1971, ch. 83, pars. 12.1—12.4).

Plaintiff, on October 28, 1966, acquired title to and possession of the following piece of property:

"Ford Manor, a Subdivision of the South Half of the Southeast Quarter of the Southeast Quarter (except the railroad) of Section 24, Township 37 North, Range 14, East of the Third Principal Meridian commonly known as property from 121st Street to and including 122nd Street and from Torrence Avenue East to the New York Central Railroad."

The streets and alleys in question had been dedicated to the city of Chicago by a plat of subdivision which was recorded on August 15, 1923. No ordinance nor any resolution of the Chicago City Council showing formal acceptance of this dedication was offered into evidence.

This property has not been taxed by defendant since August 15, 1923. Both 122d Street and Torrence Avenue are paved, the latter street having been paved by defendant. There are water lines on both of these streets, and both are used by the public. Defendant has included the plat of this subdivision in its official maps. This property is presently zoned for heavy industrial. It is admitted that defendant has not opened up nor improved the streets and alleys known on the plat as Hoxie, Calhoun, Bensley, and the north-south alleys from 121st Street to 122d Street between Torrence Avenue and the New York Central Railroad. Plaintiff has not contested the defendant's acceptance of 121st Street, 122d Street and Torrence Avenue.

OPINION

Defendant argues that there was a valid acceptance by it of the plat of subdivision, and that it legally has title to the streets and alleys in question. Defendant refers this court to the facts that: (1) no taxes have been assessed on the property; (2) the plat of subdivision was included in its official maps; and (3) it is uncontested that defendant has accepted a principal street in the subdivision.

 When an owner of land lays it out in lots and blocks with streets and alleys and has it platted, the municipality acquires no rights in the streets and alleys until it accepts them. (*Zemple v. Butler,* 17 Ill.2d 434, 161 N.E.2d 818.) Nor does the recording of the plat of subdivision transfer any rights to the municipality without an acceptance. (*Nimpfer v. Village of Fox Lake,* 334 Ill. 46, 165 N.E. 143.) Acceptance may be either express or implied. An express acceptance may be shown by some order, resolution or action of the public authorities made and entered of record; an implied acceptance may be deduced from acts of the public authorities recognizing the existence of the streets and treating them as public streets. The proof of acceptance must be unequivocal, clear and satisfactory. (*Chicago, Milwaukee and St. Paul Ry. Co. v. Chicago,* 264 Ill. 24, 105 N.E. 702; *Pilgrim v. Chamberlain,* 91 Ill.App.2d 233, 234 N.E.2d 75.) In the instant case defendant does not assert that any express acceptance was made but only that there was an implied acceptance.

 It has been held, in the absence of a contrary intention being evinced by the municipality, that the acceptance of some of the platted streets or the most important streets, raises a presumption of acceptance of all of the streets platted. (*Zemple v. Butler.*) "Moreover, the acceptance cannot be confined to the particular portions where work is done, in the absence of circumstances from which it can be inferred there was an abandonment by the public." (*McCue v. Berge,* 385 Ill. 292, 301-302, 52 N.E.2d 789.) It was stated in *People ex rel. Lyddy v. City of Rock Island,* 45 Ill.App.2d 76, 86, 194 N.E.2d 647, that:

"Immediate opening and user, by the public, of all the streets for their entire length, or immediate formal acceptance by some competent public authority is not necessary to give effect to a dedication of land to the public use of a street, by the making of a plat,—a municipality is permitted to wait its reasonable time for opening and improving its public streets, as its own resources and the public need may allow and require: [Citations]. Whether the interests of the public require that a street shall be improved or that repairs thereon are necessary is committed to the judgment and discretion of the governing board of the City: [Citation]."

■■■ Whether there is an acceptance will depend upon the facts and circumstances peculiar to each case. (*McCue v. Berge.*) In this case defendant has included the plat of subdivision in its official maps. While this alone may be insufficient to prove acceptance, it is one factor showing acceptance. (*Chicago, Milwaukee and St. Paul Ry. Co. v. Chicago.*) Defendant has not taxed nor assessed this property since the original dedication was made. "While neither assessment nor failure to assess taxes, of itself, amounts to acceptance of the dedication by a municipality, in connection with other acts, acceptance may be indicated by failure to assess." (26 C.J.S. *Dedication,* par. 40(7), p. 483; *The H. A. Hillmer Co. v. Behr,* 264 Ill. 568, 106 N.E. 481; *W. N. Eisendrath & Co. v. Chicago,* 192 Ill. 320, 61 N.E. 419.) These facts indicating acceptance must be considered in conjunction with defendant's uncontested acceptance of 121st Street, 122d Street and Torrence Avenue, its improvement of Torrence Avenue by paving it and installing water lines, and the public use of both Torrence Avenue and 122d Street.

■■ Apart from the unimproved condition of the streets and alleys in question, plaintiff has failed to prove any overt act from which this court could infer that defendant has not accepted the streets and alleys as platted and which would rebut the presumption of an implied acceptance of all the streets and alleys. In its argument plaintiff relies heavily on nonuse by the municipality, but in its brief, when describing the general area in which this property is located, it states:

> "The property is located at the extreme southeast side of the City of Chicago, and is surrounded by a large area which is also vacant, unimproved, and without any streets and alleys. The only major street in the area, which is being used, is Torrence Avenue."

If there is no necessity, due to the general unoccupied character of the area, to improve all of the streets and alleys in question, then we feel it was not incumbent on defendant to improve these streets and alleys merely to establish acceptance. We therefore find that defendant has impliedly accepted all the streets and alleys in question. In light of this conclusion we need not determine defendant's other contention. The judgment is reversed.

Reversed.

SULLIVAN, P. J., and LORENZ, J., concur.