ALBERT B. DEWEY, Defendant in Error, vs. THE CITY OF CHICAGO, Plaintiff in Error.

*Opinion filed June 22, 1916—Rehearing denied October 5, 1916.*

1. DEDICATION—*when city will be deemed to have accepted all streets in subdivision.* If the evidence shows that a city has, by reason of improvements made and other facts and circumstances, accepted the principal streets, and the major portion of them, shown on a common law plat, and has never evidenced any intention to refuse to accept any of them, it will be deemed to have accepted all the streets and alleys shown on the plat.

2. SAME—*acceptance of common law dedication at any time before withdrawal is binding.* Public authorities are not required to immediately formally accept or improve streets shown on a common law plat, particularly where the owner grades the streets and builds sidewalks at his own expense when the subdivision is laid out, and any acts by the public authorities sufficient to show an acceptance before the offered dedication is withdrawn by a deed of revocation is binding upon the owner of the subdivision.

3. SAME—*what acts by a city show acceptance of streets.* Acts by a city consisting of laying sewers in certain of the streets shown on a common law plat, with wing-sewers at the intersections of certain of the other streets, passing an ordinance changing the name of one of the streets and an ordinance vacating a portion of another, evidence an acceptance by the city of the streets and alleys shown on the plat.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding.

RICHARD S. FOLSOM, Corporation Counsel, (A. L. GETTYS, of counsel,) for plaintiff in error.

WILSON, MOORE & McILVAINE, (N. G. MOORE, of counsel,) for defendant in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

This was a proceeding in the circuit court of Cook county under the Burnt Records act, by defendant in error against the city of Chicago, plaintiff in error, and others, to establish and confirm his title to a tract of land bounded

on the west by South Western avenue, on the east by the
Pittsburg, Cincinnati, Chicago and St. Louis railroad, on
the north by West Fifty-ninth street and on the south by
the center line of West Sixty-first street. That tract and
half the streets on the north and west had been subdivided
into blocks, lots, streets and alleys, and a plat thereof, dated
June 6, 1891, was filed for record June 10, 1891, as an
addition to the city of Chicago. The plat was designated
as "Dewey's subdivision of the N. W. ¼ of the S. W. ¼ of
Sec. 18, T. 38, N. R. 14, E. 3 P. M. except," etc., and was
authorized to be surveyed and was acknowledged by Charles
P. Dewey as owner, who had shortly prior thereto held a
deed to it in his name for a co-partnership composed of
himself and his brother, defendant in error. By the plat
the west fifty feet was dedicated as a part of South Western
avenue, the north thirty-three feet as a part of West Fifty-
ninth street and the south thirty-three feet as a part of
West Sixty-first street. South Claremont avenue, sixty-six
feet wide, and South Oakley avenue, of the same width, are
platted as north and south streets across said plat, and West
Sixtieth street, sixty-five feet wide, is platted as an east and
west street across the center of the plat, and alleys are in-
dicated in the six blocks in the plat. On March 20, 1914,
the defendant in error owned all the property included in
the lots and blocks of said subdivision except certain lots
and blocks then owned by the Pittsburg, Cincinnati, Chi-
cago and St. Louis Railroad Company and the Baltimore
and Ohio Chicago Terminal Railroad Company. On said
last date the defendant in error and said two railroad cor-
porations executed a deed purporting to vacate the whole
of said plat, including streets and alleys, lots and blocks,
except that portion thereof dedicated, as aforesaid, as parts
of West Fifty-ninth street and South Western avenue, and
on the same day filed the same for record in the office of
the recorder of deeds of Cook county. Plaintiff in error
resisted the petition of defendant in error and contended

that the offer of dedication of the said streets and alleys in said addition to the city of Chicago had been accepted by it before the deed of vacation was executed, and that it thereby acquired a vested interest in all of said streets and alleys for the use and benefit of the public. The court heard the evidence on the issues thus formed and decreed that the title be confirmed in defendant in error to all of the property, including the streets and alleys, in said addition, except South Claremont avenue and the north thirty-three feet of West Sixty-first street east of the center line. of South Western avenue and west of the east line of Claremont avenue, which was confirmed in the defendant in error subject to the right of the public for a highway, and except also the part of the said addition dedicated to West Fifty-ninth street and South Western avenue, as aforesaid, against which no relief was asked by defendant in error. Plaintiff in error brings the record to this court for review by writ of error, and assigns for error the court's refusal to enter a decree that all the streets and alleys of said subdivision were public thoroughfares held in trust by it for the benefit and use of the public. The defendant in error has assigned for cross-error that the court decreed that his title was subject to the right of the public to a highway in South Claremont avenue and in the north thirty-three feet of West Sixty-first street west of the east line of South Claremont avenue.

The title to the lots and blocks in said subdivision is not in controversy. It is conceded by plaintiff in error that they are owned by the defendant in error and the said two railroad corporations. The question in controversy relates to the streets and alleys in said addition. It is conceded by the parties to the record that the making and recording of the plat of said subdivision by Charles P. Dewey and its ratification by defendant in error did not effect a statutory dedication of the streets and alleys in the said subdivision to the public. It is also conceded by all the parties that

what was done in that regard did amount to an offer on
the part of the defendant in error to dedicate those streets
and alleys to the public, and that if that offer was accepted
by the public before the said deed of vacation was executed
a common law dedication resulted. The only question then
presented for the determination of this court is whether or
not the city of Chicago, on behalf of the public, accepted
the said offer of dedication of said streets and alleys be-
fore the said deed of vacation was made.

Defendant in error concedes that the offer of dedication
of the said strip for West Fifty-ninth street and the said
strip for South Western avenue has been accepted by the
city of Chicago and that those streets are now in the pos-
session of the city. The evidence discloses that prior to
the time that the deed of vacation was made the city of
Chicago put in a sewer in South Western avenue which ex-
tended along the west side of said subdivision. In 1912 the
city of Chicago put in a tile-pipe sewer on West Fifty-ninth
street, extending from South Western avenue to a point
135 feet east of South Oakley avenue. The ordinance for
that sewer provides that "a tile-pipe wing-sewer of twelve
inches internal diameter shall be constructed in the south
half of West Fifty-ninth street at each of the intersections
of same with South Claremont avenue produced from the
south and with South Oakley avenue produced from the
south. Each of said wing-sewers shall be constructed along
the respective center lines of said South Claremont avenue
and South Oakley avenue produced from the south and con-
necting with the sewer heretofore provided in West Fifty-
ninth street to the south line of said West Fifty-ninth
street." A special assessment was levied for each of said
improvements against the lots bordering thereon in said
subdivision and was paid by the defendant in error. No
assessment was made for either of the said improvements
against the streets and alleys of said subdivision. In 1895
the city passed an ordinance changing the name of Irving

avenue, in said subdivision, to South Claremont avenue. On April 22, 1912, an ordinance was passed by the city council vacating that part of West Sixty-first street south of and adjoining the south line of block "A" of the width of 340 feet and situated on the east side of said subdivision.

From the testimony of the witnesses it appears that when the subdivision was made the streets were graded and wood sidewalks were laid down by the owner of the lots. Several years later a cinder sidewalk was put down on the north side of the subdivision, along West Fifty-ninth street, by the defendant in error. For several years since the subdivision was made, parts of it were used for truck gardening. How much of it and what parts of it were used for that purpose does not appear. It is clear that South Claremont avenue was not used for that purpose, because it was never plowed up. Some parts of the sidewalks were stolen, others rotted away and others were plowed up. It is doubtful whether that part of West Sixtieth street between South Claremont avenue and South Western avenue was so used, as the evidence discloses that there was a traveled way along that part which was used for purposes of traffic. South Claremont avenue, as shown by the evidence, was used quite extensively by the public. It was traveled by teams and by pedestrians. Counsel for defendant in error assert that this use was only during the time that South Western avenue was torn up by the construction of the sewer, and for that reason it was only a limited use, which should not be regarded as significant. As we interpret the evidence its use was more general than that. The use by the public of West Sixty-first street from South Claremont avenue to South Western avenue was quite as general as that of South Claremont avenue. The evidence is not satisfactory as to the use of South Oakley avenue. It appears from the evidence that some of the time it was plowed up, from which the inference would follow that at such times it was used for truck gardening. At other times it was not plowed up.

Some of the witnesses testified that they never saw it used by the public at all. Others testified that they saw it used by teams and pedestrians, that children used it from West Fifty-ninth street to West Sixty-first street in going to and from school and that it was used by persons going to the stores on Sixty-third street, and that its use by pedestrians in that manner had continued for five or six years before the hearing in the lower court. A map in evidence shows that South Claremont avenue and South Oakley avenue extend as far north as Fifty-seventh street and as far south as Sixty-third street. It does not show, however, that these avenues end at those points. On South Oakley avenue, in the block north of this subdivision, there are about eighteen houses, and on that avenue between Sixty-second and Sixty-third streets there are five or six houses.

The city of Chicago never expressly accepted the offer to dedicate the streets and alleys of said subdivision by ordinance or resolution. If the offer to dedicate was accepted by the public such acceptance must be inferred from the facts above stated. The general rule is, that if all of the facts and circumstances, taken and considered together, clearly, certainly and satisfactorily show that the public, or the authorities acting in behalf of the public, intended to accept the offer of dedication, then an acceptance is proven. Stronger evidence of acceptance is required where it appears that the streets would not be beneficial than if it appeared that they would be beneficial. Considering all the evidence, we think that the finding of the court that Claremont avenue and West Sixty-first street west of the east side of South Claremont avenue were accepted by the city before the said deed of vacation was made is well supported by the record. Every act of the city touching this subdivision that is in evidence tends to show a recognition and acceptance of the streets and alleys as dedicated, and none of its acts show or indicate any intention on its part to reject them. It is conceded by the defendant in error that

274 — 18

West Fifty-ninth street and South Western avenue were accepted as streets of the city as dedicated, and we think the evidence also clearly shows an acceptance of all of West Sixty-first street and South Claremont avenue. These four streets are shown by the evidence to be the most important streets of the subdivision, and those streets also constitute the major portion of the streets, there being only two others,—West Sixtieth street and South Oakley avenue,—and some alleys. It is now the well established rule in this State that where the city accepts the most important streets of an addition and the major portion of them, and has evinced no intention to refuse to accept any of them, it will be deemed to have accepted all of the streets and alleys of that addition. (*Kimball* v. *City of Chicago,* 253 Ill. 105; *Village of Lee* v. *Harris,* 206 id. 428.) The conclusion necessarily follows, therefore, that the evidence proves an acceptance of the offer to dedicate, by the city, of all the streets and alleys of said subdivision before the deed of vacation was executed.

The record does not disclose that the city ever made any improvements or repairs, except as is above shown, on South Claremont avenue, South Oakley avenue, West Sixtieth and West Sixty-first streets, and it is insisted by the defendant in error that these facts indicate clearly an intention on the part of the city to reject the offered dedication. It also appears in this record that the streets were graded and that sidewalks were built by the owner of the subdivision when it was first surveyed, and that there was no necessity for any further improvement of the streets for some time thereafter. Moreover, the immediate opening and use, by the public, of all the streets in ground laid out and platted into lots, or an immediate formal acceptance by the public authorities, is not necessary to give effect to the dedication of land to the public use or to prove an acceptance of the dedication. Public authorities are allowed a reasonable time for opening and improving streets, and

may defer doing so until the requirements of the public necessitate•their improvement, and if a common law dedication is accepted, at any time before its withdrawal, by a proper deed of revocation, such acceptance is binding on the owner of the addition. *Village of Lee* v. *Harris, supra.*

The court erred in refusing to find that the city had accepted the offered dedication of all the streets and alleys in the said subdivision and that the title thereto was in the city for the use and benefit of the public, except such parts thereof as were vacated by it.

The decree of the circuit court is therefore reversed and the cause is remanded, with directions to enter a decree in conformity with the views herein expressed.

*Reversed and remanded, with directions.*