(No. 22634.—

CLARA HART KENNEDY, Appellant, *vs.* THE TOWN OF
NORMAL, *et al.* Appellees.

*Opinion filed December 19, 1934—Rehearing denied Feb. 7, 1935.*

Shaw and Herrick, JJ., dissenting.

W. W. Whitmore, and Kaywin Kennedy, for appellant.

Birney F. Fleming, Townley & Hall, and Pratt, Heffernan & Ramseyer, for appellees.

Mr. Justice Farthing delivered the opinion of the court:

The appellant, Clara Hart Kennedy, filed her bill in the circuit court of McLean county to restrain the town of Normal from interfering with a tract of land which she claims to own but which the town of Normal was pro-

ceeding to open as a public alley. The bill also prayed that the town of Normal should be compelled to restore the appellant's property to its former condition before that town committed the trespass charged against it. A temporary injunction was issued, but after a reference to a master in chancery and his report, the temporary injunction was dissolved and the appellant's bill was dismissed for want of equity. The appeal has been taken directly to this court because a freehold is involved.

The land over which the appellee town is seeking to construct and maintain an alley is a ten-foot strip running north and south through the center of block 6 of K. H. Fell's addition to the town of Normal. A plat of this addition was recorded on May 23, 1874, and it is admitted that there is not a sufficient statutory dedication. Both parties admit that a true copy of the original plat is not in evidence, but that such plat shows a strip running north and south through block 6 that opens into the streets adjoining the north and south sides of the block. The plat in evidence shows the strip of land to be closed at the openings into the streets and shows that the strip is intersected by the lot lines. Accompanying the plat was a certificate by Kersey H. Fell, who was the owner and subdivider of the addition. In part it reads as follows: "The streets and alleys as noted on said plat are hereby donated to the public."

The appellant owns lots 1, 4 and 5 of block 6 as the same is shown on the original plat. Over her objection the owners of lots 2, 3 and 6, which adjoin the ten-foot strip on the west, were allowed to intervene and answer the appellant's bill. This action of the chancellor is assigned as error and will be considered later.

There are in all fourteen lots in block 6. Kersey H. Fell subsequent to 1874 conveyed all fourteen of these lots to various persons by deeds containing descriptions with reference to the plat. Thomas F. Tipton acquired

title to the entire block about the year 1880 under deeds each of which was made by lot number in block 6 with reference to the plat. Title to and possession of all the lots in the block remained in him until his death, in 1907. Between 1908 and 1918 the heirs of Tipton sold the various lots, describing them by number with reference to the "plat of K. H. Fell's addition to the town of Normal." The appellant acquired title to lots 1, 4 and 5 by a similar description. There was evidence that the entire block was enclosed by a fence in 1880 and that there was a fence through the middle of the block for a number of years. The evidence for the appellant showed that the strip of ground through the block was always used for private purposes, but the appellees' evidence showed that the way had been used in hauling brick when the streets around the block were being paved and to haul garbage from houses located on other lots in the block. This was denied by the appellant and her witnesses.

It is admitted that there was not a sufficient statutory dedication of the strip of ground as an alley, and the appellant contends that there was no common law dedication of it. One difference between statutory and common law dedications is, that in the former the fee is vested in the municipal corporation, while in the latter the owner retains the fee subject to an easement in favor of the public. (*Russell* v. *City of Lincoln,* 200 Ill. 511; *Clokey* v. *Wabash Railway Co.* 353 id. 349.) The requisities of a common law dedication are: (1) An intention of the owner to donate the land to public use; (2) an acceptance thereof by the public; and (3) proof which is clear, satisfactory and unequivocal of these facts. *Rose* v. *Village of Elizabethtown,* 275 Ill. 167.

The appellant contends that there was no intention on the part of Kersey H. Fell to make an offer to dedicate the land in question to the public, and that the plat is too indefinite to show such an intention because the plat

does not show that the strip was marked as an "alley." No particular way or manner of expressing the intention to dedicate is necessary. (*Ingraham* v. *Brown,* 231 Ill. 256.) A dedication may be made by a survey and plat alone, without any declaration, either oral or on the plat, where it is evident from the face of the plat that it was the intention of the proprietor to set apart certain grounds for the use of the public. (*City of Chicago* v. *Chicago, Burlington and Quincy Railroad Co.* 319 Ill. 351.) In the case before us the strips shown upon the plat and claimed as streets are given names as such on the plat. The space claimed to be an alley appears as a strip between the lots in block 6, and each lot is numbered. The plat and its certificate sufficiently show the intention of the proprietor to dedicate this strip as an alley. (*Village of Lee* v. *Harris,* 206 Ill. 428; *Greenlee Foundry Co.* v. *Limits Industrial Railroad Co.* 354 id. 11; *Kimball* v. *City of Chicago,* 253 id. 105.) The contention of the appellant in this respect must be overruled.

It is next insisted that there was no acceptance by the town of Normal of the offer to dedicate, that the offer has been revoked, and the town cannot now open up the alley. The appellant argues that the conveyances by Kersey H. Fell to his various grantees before the municipality accepted the offer to dedicate was a revocation. The appellees insist that the very act of conveyance of the land with reference to the plat made the offer irrevocable, and that it could be accepted by the town of Normal when it saw fit to open the alley and the needs of the community required it. The appellees rely upon *Russell* v. *City of Lincoln,* 200 Ill. 511, which is a holding to that effect. However, that rule has not been adhered to in our later decisions. In *Rose* v. *Village of Elizabethtown,* 275 Ill. 167, 177, we said: "The making of a common law plat and the sale of lots with reference thereto are merely evidence of an intent to dedicate, which, like every other dedication, to be made complete and carried into effect so as to

create public rights, must be accepted and acted upon by the public." We think the rule in the *Rose case* is the better in reason and logic as between the public and a private owner. There is no necessity of holding that the offer becomes irrevocable as to the public when the public is not bound to accept. We are not deciding the effect of the conveyance with reference to a plat as between the grantor and the grantee. Had the proprietor of the plat made the conveyance and described the land by metes and bounds, including the alley, then there would be reason to hold that the offer to dedicate was revoked. (*Clokey* v. *Wabash Railway Co.* 353 Ill. 349.) As already pointed out, in every deed in the chain of title, and in the deed by which appellant acquired title, the land conveyed was described by lot number in block 6 of the Fell addition to the town of Normal. By analogy to *Rose* v. *Village of Elizabethtown,* 275 Ill. 167, where it is held that a conveyance from the proprietor of the plat to a grantee by reference to the plat is evidence of an offer to dedicate, subsequent similar conveyances in the chain of title recognize the existence of the offer and it may be accepted by the public until it has been revoked. In this view of the case the evidence of the use which was made of the land long prior to the time the appellant acquired title under her deed, in 1916, is beside the point, because the offer was unrevoked when she acquired title.

We have now to determine whether there was an acceptance by the town of Normal. A municipality may accept a part of the streets and alleys shown upon a plat and reject a part of them, or as to a particular street or alley it may accept a part and reject the remainder of it, (*Clokey* v. *Wabash Railway Co.* 353 Ill. 349,) but where the city accepts the most important streets of an addition or the major portion of them, and has evinced no intention to refuse to accept any of them, it will be deemed to have accepted all of the streets and alleys of that addi-

tion. (*Dewey* v. *City of Chicago*, 274 Ill. 268, 274; *Kimball* v. *City of Chicago*, 253 id. 105.) There is no doubt but that the town of Normal accepted the streets shown on the plat to the Fell addition. The streets have all been paved for a number of years. Fell avenue was paved in 1912 and the other streets were paved later. On the south side of the block in question there is a regular brick paving-approach for the full width of the ten-foot strip extending from the north line of pavement to the north line of Highland avenue. On the north side of the block the curb is lowered, as it would be for any other alley, but there is no such paved approach to the alley there. The fact that the town of Normal recognized the existence of the alley by making provision for entering it in its paving, shows that it did not refuse to accept the alley when it accepted the streets of the addition. The offer to dedicate was accepted before it was revoked. The town of Normal had a right to enter upon the five feet of the way or easement claimed by the appellant to improve it as an alley.

The contention of the appellant that the appellee town is estopped to enter upon the land and claim rights in the alley is not well taken. There are circumstances where a municipality may be estopped by its conduct to assert its rights to an easement, as where there has been a long period of non-user and permanent buildings or improvements have been built upon the land in good faith, (*City of El-Paso* v. *Hoagland*, 224 Ill. 263), but such is not the case here. The appellant had flowers, shrubs, raspberry bushes and a bird house upon the disputed strip of ground, but they are not permanent improvements that will estop the municipality from claiming its rights to the alley.

As to the appellant's contention that the adjoining property owners should not have been allowed to intervene, we are of the opinion that the chancellor erred in permitting them to do so. The question in this case was between the appellant and the town of Normal and involved only its

right to open the alley for public use. The adjoining own-
ers were not necessary parties. (*Nimpfer* v. *Village of Fox
Lake*, 334 Ill. 46, 51.) They should not have been allowed
to intervene, since as adjoining lot owners their right to the
use. of the way depended upon covenant, and as members
of the public they were fully represented by the town. The
pleadings did not involve or determine their private rights.
(*Nimpfer* v. *Village of Fox Lake*, 334 Ill. 46, 51.) How-
ever, in view of the fact that the bill was dismissed for want
of equity the error in permitting them to intervene was
harmless.

As to the remaining point urged by appellant, viz., that
the chancellor erred in ordering her, over her specific objec-
tion, to pay to the master his fees before he would be re-
quired to render his report, the statute (Cahill's Stat. 1933,
chap. 53, par. 34, p. 1425; Smith's Stat. 1933, chap. 53,
par. 38, p. 1475;) authorizes the making of such an order
by the chancellor.

The decree dismissing the appellant's bill for want of
equity is therefore affirmed.                *Decree affirmed.*

Mr. JUSTICE HERRICK, dissenting:

I cannot agree with the majority opinion in this cause.
The plat of the addition shows that block 6 is 300 feet
wide east and west, including the alleged alley of a width
of 10 feet. The strip in controversy is not designated on
the plat by any word or words as an alley or public way.
There is no evidence as to the character of the use of
the property constituting block 6, or of its condition from
1874, when the addition was laid out, to 1880. Kersey H.
Fell, who platted the addition, conveyed all the lots in
block 6 between 1877 and 1887. The evidence does show
that from 1880 down to 1893 or 1895 the entire block was
enclosed by fences and that the property was owned by
the late Judge Thomas F. Tipton. There was a fence run-
ning north and south through the center of the block, and

that portion of the block not occupied by the residence of Judge Tipton, at the northeast corner thereof, was used largely as a pasture. There was a barn located at the west line of the middle line between lot 1 at the northeast corner and lot 2 at the northwest corner of the block. Later there was a barn located on the east line of the west half of lots 1 and 2. The barn on lot 1 was not torn down until about 1915. The other barn was standing as late as 1908. The fences along the west and south sides of the block were in existence until 1893 or 1895. It is undisputed that when the complainant was negotiating, in 1913, with the heirs of Judge Tipton for the purchase of lot 1, she received a letter from Judge Tipton's daughter, Mrs. Bair, relative to the property, in which she stated that "the frontage is 150 feet, back 150 feet. It is one-quarter of a block." The street on the north side of the property was paved many years prior to 1931. The complainant paid the paving assessment for 150 feet, which included the east five feet of the alleged alley. She also built and paid for the sidewalk on the north side from the northeast corner of the block west a distance of 150 feet. The evidence shows the complainant had set out shrubbery on a portion of the strip, had filled in the premises, including her claimed portion of the strip, and there were some two or three trees of five-inch diameter growing on the strip at the time the village of Normal first tried to exercise any dominion over the alleged alley in controversy. The village, as I read the record, never attempted to exercise control over the tract prior to 1931 and no roadway or street was laid out across or on the same. The record is barren of any evidence that any person purchased any lots in block 6 in reliance upon the existence of an alley through the block. The only evidence of use of any part of the strip in controversy by any of the public shows only a slight and casual use by persons at wide intervals and none before 1908. The evidence of use is not sufficient to establish a user by the public adverse

to the owner of lots 1, 4 and 5. By assessing the tract for paving purposes and collecting the assessment, the town of Normal, in my opinion, definitely disclaimed any acceptance of the strip for public purposes.

To prove a common law dedication there must be shown both an intention on the part of the owner of the land to make it and an acceptance of such dedication by the proper public authorities, and the proof of these facts must be clear and unequivocal. (*City of Chicago* v. *Drexel,* 141 Ill. 89; *Rose* v. *Village of Elizabethtown,* 275 id. 167; *Birge* v. *City of Centralia,* 218 id. 503; *Doss* v. *Bunyan,* 262 id. 101; *Clokey* v. *Wabash Railway Co.* 353 id. 349.) Mere travel is not sufficient to show acceptance by the public, and such travel, in order to have any weight on the question of acceptance, must have been adverse as a matter of right and not merely permissive. (*Palmer* v. *City of Chicago,* 248 Ill. 201.) Where vacant property as platted was not marked by the word "street," or any other words to indicate it was intended to dedicate it to the public, it cannot be said, from the plat alone, that the original owner intended to dedicate this to public use. (*Birge* v. *City of Centralia, supra; Rose* v. *Village of Elizabethtown, supra.*) A municipality may accept a part of the streets shown on a plat and reject a part of the streets. (*Clokey* v. *Wabash Railway Co. supra.*) Acceptance must be within a reasonable time after the dedication is proffered and before the revocation. *City of Venice* v. *Ferry Co.* 216 Ill. 345; *Hillmer Co.* v. *Behr,* 264 id. 568.

The rule is, that the mere non-user of a way for the ordinary statutory period of limitation by the public or authorities charged by law with the care of a public road or street creates the presumption, though not a strong one, that the easement has been abandoned or extinguished where there is no other proof of the non-use of the way, but if the non-user is supplemented by proof that the owner of the premises charged with the easement has done things

316

inconsistent with and antagonistic to the existence of the easement the extinguishment is presumed. (*Clokey* v. *Wabash Railway Co. supra.*) There was no acceptance of the alleged dedication of the tract called an alley by the town of Normal within a reasonable time, and the acts of the owners of the property clearly evidence a revocation of the alleged dedication of the supposed alley.

The circuit court of McLean county erred in dismissing the complainant's bill for want of equity.

Mr. JUSTICE SHAW: I concur in the dissenting opinion of Mr. Justice Herrick.