(No. 33423.—

TRUSTEES OF SCHOOLS OF TOWNSHIP No. 44, Appellee, *vs.* DOMINIC A. KIRANE *et al.,* Appellants.

*Opinion filed February 16, 1955.*

MAYNARD & MAYNARD, of Rockford, for appellants.

HAROLD C. SEWELL, of Belvidere, and THOMAS & DAVIS, of Rockford, (CHARLES H. DAVIS, of counsel,) for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

The appellee, Trustees of Schools, brought a condemnation suit in the circuit court of Boone County against the owners of a 20-acre tract of land in the city of Belvidere, seeking to acquire the property for use as a site upon which to erect a new schoolhouse. The city of Belvidere was also made a defendant because of an alleged interest in the streets and alleys of the subdivision within which the property is located. The jury returned a verdict awarding the individual defendants $20,500 damages for the land taken, and such defendants appeal direct to this court from the judgment entered on such verdict and confirming the award.

Appellants contend, first, that a portion of the property sought to be condemned was public property and, therefore, not subject to condemnation. An understanding of this contention requires a somewhat detailed statement concerning said property. The entire tract sought to be condemned was a rectangular tract measuring approximately 1190 feet north and south by approximately 610 feet east and west. The north 590 feet consisted of blocks 7 and 8 of Fredricksen's Addition and Smedley's First Addition, platted subdivisions of the city of Belvidere, and the south 600 feet of the tract was not subdivided. Both block 7 and block 8 contained 20 lots. Immediately to the west of block 8 is a street running north and south, known as Seventh Avenue. This is a cinder road which is open for traffic. Lying immediately to the east of block 7 is Fifth Avenue which has been improved with a black-top surface and is open to traffic. Lying immediately to the north of blocks 7 and 8 is Fourth Street which is an improved thoroughfare maintained by the city. Immediately to the south of blocks 7 and 8 the plat shows a street running east and west known as Fifth Street. That street has never been opened for traffic. Running north and south through the middle of block 7 and the middle of block 8 are two alleys, neither of which have ever been opened for traffic. Some of the other streets in the subdivision have been opened and used and some, although platted, have never been opened. Thus we have a situation where the property in question is surrounded by city streets on three sides, but on the fourth side a platted street has never been opened or used and running through the middle of the tract is a street and two platted alleys neither of which have ever been opened or used. No improvements have ever been placed on any of the lots and the entire property has been used for agricultural purposes for many years. Immediately to the south of the platted property is the unplatted tract owned by appellants which was also condemned. The

south boundary of this unplatted tract is the city limits of the city of Belvidere.

It is appellants' contention that appellee had no authority to condemn the platted tract for the reason that the streets and alleys contained in said subdivision were owned by the city and held in trust for the use of the public. Appellants argue therefrom that the streets and alleys are public property and that one public body has no authority to take other public property under eminent domain. Appellee concedes that if the streets and alleys were public property it would have no authority to condemn but contends that the city never accepted said streets and that, therefore, they are not public property. A determination of the question therefore involves simply a question as to whether the streets were accepted and thereby became public property.

The mere fact that the city approved the plat at the time it was originally recorded does not constitute an acceptance on the part of the city of the streets and alleys contained therein. (*Western Springs Park District* v. *Lawrence*, 343 Ill. 302.) After the acceptance of the plat, the city still had the right to elect which of the streets shown thereon it will accept, and it could accept a part and reject the remainder and might even accept part of a street and reject the remainder thereof. *Clokey* v. *Wabash Railway Co.* 353 Ill. 349.

Appellants rely on cases holding that when a city accepts the principal streets in a subdivision, it will be deemed to have accepted all of the streets and alleys shown on the plat. (*Dewey* v. *City of Chicago*, 274 Ill. 268; *Kimball* v. *City of Chicago*, 253 Ill. 105.) There is evidence in the record in the present case that streets in the subdivision have been improved, and appellants contend that the acceptance of these other streets is an acceptance of the streets and alleys in blocks 7 and 8. The rule of law announced in the above case is sound but does not apply here.

In the present case the tract in question is near the city limits. Both this tract and all of the land south of it have been used for agricultural purposes for many years. While both to the east and west of the property, streets have been improved and homes erected, the acceptance of these other streets is insufficient proof that the city accepted the streets and alleys in the tract involved in this case. On the contrary, the fact that the city has improved certain other streets in the subdivision and for more than 40 years has taken no action toward improving the streets in this tract is strong evidence of the city's intent not to accept said streets and alleys.

The situation here is similar to that in *Chicago, Milwaukee and St. Paul Railway Co.* v. *City of Chicago,* 264 Ill. 24, where certain streets north of Grand Avenue in Chicago had been improved by the city, while for more than 50 years since the filing of the plat, the streets in the subdivision south of Grand Avenue had never been improved. We held there that the evidence clearly showed an intent to accept only the streets north of Grand Avenue and that the city could not, after taking no action over a period of many years, contend that its improvement of the streets north of the avenue acted as an acceptance of all the streets. In the present case, over a period of more than 40 years the city has improved other streets in the subdivision, but has never even opened the streets in question. This long period of nonaction is strong proof of the city's intent not to accept the streets and alleys in question.

The city was made a party defendant herein but offered no evidence to show an acceptance on its part. This failure to contest the condemnation is not conclusive and does not preclude appellants from resisting the taking. (*City of Moline* v. *Greene,* 252 Ill. 475.) However, the action of the city attorney on behalf of the city was not that of a party whose rights were being attacked and is indicative that the city had never accepted the streets.

(*Western Springs Park Dist.* v. *Lawrence,* 343 Ill. 302.) The rule that acceptance of a majority of the streets in a subdivision operates as an acceptance of all the streets is applicable only in the absence of proof that the city had evinced an intention not to accept all the streets. (*Dewey* v. *City of Chicago,* 274 Ill. 268.) Since in the present case, the circumstances there show an intent not to accept the streets and alleys in blocks 7 and 8, the presumption does not apply.

Appellants further contend that the trial court improperly permitted one of appellee's witnesses to testify as to the value of the property in question. This witness, Keith Hankins, testified that he was a licensed real-estate broker and had been engaged in the real-estate business since 1941. At the time of the trial he was employed by the State Highway Department and his duties included the appraisal of real estate and negotiation with the owners for its sale to the State. Prior to his association with the State, this witness had maintained an office in Rockford but had never been in business in the city of Belvidere and had never sold any real estate therein. He testified that he first viewed the premises in question several days prior to trial and that he had made inquiries from other persons as to the prices of other lots in the city of Belvidere. On cross-examination he admitted that he had no personal knowledge of real-estate values in the city of Belvidere but based his opinion on what he had been told by others. Over the objection of appellants, this witness was permitted to express his opinion that the value of the property in question was $17,810. We are of the opinion that the trial court erred in permitting this witness to express his opinion.

We have held in many cases that any witness who is familiar with the property involved in a condemnation proceeding and has knowledge of real-estate values in the vicinity is a competent witness and the extent or amount of his experience goes only to the weight that is to be

given to his testimony. (*Forest Preserve Dist.* v. *Kercher,* 394 Ill. 11; *Dept. of Public Works* v. *Diggins,* 374 Ill. 11.) However, it is also well established that a witness must have actual and not hearsay knowledge as to other sales or of other real-estate values. (*City of Elmhurst* v. *Rohmeyer,* 297 Ill. 430; *Chicago and Western Indiana Railroad Co.* v. *Heidenreich,* 254 Ill. 231.) Since the witness in the present case admitted that he had no actual knowledge of values of real estate in the city of Belvidere except what he had been told by others, the witness was incompetent and the court should have sustained appellants' objection.

However, in addition to the testimony of this witness, appellee presented the testimony of six other witnesses as to the value of the property. This testimony was admittedly competent and no objection has been raised thereto. The witness Knapp valued the property at $18,000. The witness Baxter valued. it at approximately $19,000. The witness Loop valued it at $18,850, and the witness Oakley valued it at $18,900. The witnesses Reardon and Blumenthal valued it at $18,700. Appellants presented the testimony of seven witnesses who testified as to the prices they had paid for their own lots near the tract involved herein. These prices ranged from $550 to $950 per lot. In addition, one of appellants' witnesses expressed his opinion, without objection, that the entire tract was worth $25,000 and another of appellants' witnesses valued it at $28,000. Altogether, there were seven witnesses for appellee and nine witnesses for appellants on the question of value. Of these witnesses only the witness Hankins was incompetent. His valuation was within $200 of the valuation of the witness Knapp and within $1000 of the valuation of Reardon and Blumenthal. His lack of qualifications was brought out on cross-examination and the jury was properly instructed that if, in their judgment, the opinion of any wit-

ness was not reliable by reason of his lack of knowledge, the jury should give such opinion only the weight to which it is entitled, in view of all the evidence in the case.

In view of Hankins's admission on cross-examination and this instruction, we do not believe the jury could have given consideration to his testimony, in the face of the competent testimony of 15 other witnesses. The error in the admission of Hankins's testimony is not sufficient to justify a reversal.

One further point requires brief mention. At the trial before the jury on the question of value, appellants offered to prove that about a year before the condemnation proceedings were instituted, ninety-eight property owners who owned property near the condemned tract petitioned the city council to open Fifth Street through the condemned property and that this petition was referred to the streets and alleys committee which recommended that the street be opened. However, the city council took no action thereon. This offer was refused and appellants assign error on that refusal, arguing that even though no action was taken by the city, the action of the committee tended to show that the highest and best use of the property was for residential purposes. We are unable to agree with this proposition. The fact that the council refused to act shows that they had no intention to accept the street and the introduction of the offered testimony would only have served to confuse the jury. The court properly refused the offer.

We have carefully considered all the assignments of error argued by appellants and find no reversible error in the record. The judgment is therefore affirmed.

*Judgment affirmed.*