(No. 35163.—

KARL ZEMPLE *et al.,* Appellees, *vs.* ROBERT LEE BUTLER *et al.,* Appellants.

*Opinion filed September 24, 1959—Rehearing denied Nov. 16, 1959.*

CHIPERFIELD & CHIPERFIELD, JAMES F. SCOTT, and RALPH FROEHLING, all of Canton, for appellants.

SCOTT AND SEBO, of Canton, for appellees.

Mr. CHIEF JUSTICE HOUSE delivered the opinion of the court:

This appeal is from a summary judgment of the circuit court of Fulton County decreeing title to a strip of land situated in the city of Lewistown to be in plaintiffs free of any easement claimed by the defendants or the city and enjoining the defendants Butler from disturbing the plaintiffs' possession. A freehold is involved.

The strip of land which is the subject of this dispute is the north 198 feet of a platted street in block 1 of Seminary Addition to the city of Lewistown. The platted street is 43 feet wide and 528 feet long and runs in a north and south direction. As platted the street ends on the north at lot 13 and runs south abutting lots 14 through 20 on the west. The Zempels own lots 14, 15 and 16 and have lived in a home located partially on lots 15 and 16 since 1942. The Butlers own lots 17, 18, 19 and 20 and have lived in a home located on lots 17 and 18 since and prior to 1942. It is conceded that the portion of the street abutting lots 17, 18, 19 and 20, being the south 330 feet, has been accepted for street purposes by public use and maintenance. The portion of the street abutting lots 14, 15 and 16 has since 1892 been used extensively by the various owners of these lots for their own purposes. At times from 1892 to

1945 fences were placed on or about the strip; bushes, shrubs and trees were planted and maintained there; cows were pastured on it for a time, and children of the lot owners used it as a playground. In 1945 the Zempels removed some ornamental bushes from the strip and constructed thereon a concrete driveway and basketball court with standards, backboard and hoop.

The Butlers purchased lots 11, 12 and 13 in 1956 and commenced grading them. They gave notice to Zempels to remove the fence and basketball court. The Zempels then instituted this action. On motion of the Butlers, the city was joined as a party. It filed an answer asking for clarification of its rights. Both the plaintiffs and individual defendants moved for summary judgment. The court thereupon entered its decree and ten days later rendered a memorandum opinion.

The appellants contend that the trial court erred in holding that the city had no interest in the subject property. The law is well settled that where the owner of land lays it out in lots and blocks with streets and alleys and has it platted, the municipality acquires no rights in the streets and alleys until it accepts them. The trial court held that the city had accepted the part of the street abutting lots 17, 18, 19 and 20 but not the portion abutting lots 14, 15 and 16. Appellants argue, however, that since the city has accepted a part of the street in question, there has been an acceptance of the entire street appearing on the plat because there has been no official declination of the street.

The question of whether partial acceptance of a street or streets offered for dedication by plat operates as acceptance of all the street or streets platted is not one which is susceptible of answer by rule of thumb. In 32 A.L.R.2d 954 the author of an annotation covering this question noted that the views taken by the various courts are greatly divergent, even within individual jurisdictions. He felt that the decisions could be categorized as falling into three

more or less distinct patterns: (1) cases holding that partial acceptance is not total acceptance; (2) cases holding that partial acceptance does constitute total acceptance; and (3) cases holding that although partial acceptance is not *ipso facto* total acceptance, nonetheless it creates a presumption of total acceptance. His conclusion is that the weight of authority is with the first view when the question is whether partial acceptance of some of the platted streets is acceptance of all the platted streets; while the weight of authority is with the second view when the question is whether partial acceptance of a single platted street constitutes acceptance of the entire street. Illinois cases are cited in the annotation under all three views, both as to acceptance of all the platted streets and as to acceptance of a single platted street.

A reading of the many Illinois cases on the subject reveals that each case turned largely on its own facts rather than on the manner in which the rule of law was stated. Many of the decisions which, when divorced from their factual situation, seem to categorically support one view or another do so because certain qualifications in the statement of the rule of law were not necessary to the opinion. However, a few opinions have deviated from what we consider to be the established rule in this State.

A municipality has the right to elect which of the streets shown on a plat it will accept, and it may accept a part and reject the remainder and may even accept part of a street and reject the remainder thereof. (*Trustees of Schools of Township No. 44* v. *Kirane,* 5 Ill.2d 64.) The acceptance of some of the platted streets by the municipality, however, raises a presumption of acceptance of all of the streets platted. (*Village of Lee* v. *Harris,* 206 Ill. 428; *Consumers Co.* v. *City of Chicago,* 268 Ill. 113; *Trustees of Schools of Township No. 44* v. *Kirane,* 5 Ill.2d 64.) This presumption is not conclusive, and acceptance of a part of the platted streets will not constitute an acceptance of the re-

mainder if it is shown that there was an intention to limit the acceptance. (*Gietl* v. *Smith,* 320 Ill. 467; *Trustees of Schools of Township No. 44* v. *Kirane,* 5 Ill.2d 64.) The presumption is stronger when the issue is whether acceptance of part of a platted street is acceptance of the entire street, (see: *McCue* v. *Berge,* 385 Ill. 292) and when the dedication is beneficial, convenient or necessary to the public. *Trustees of Schools* v. *Dassow,* 321 Ill. 346.

Under the facts disclosed in this record it cannot be said that the city accepted only a part of the street and declined to accept the remainder. So far as the public is concerned the street may be opened and used at the discretion of the public authorities, as public necessity may require, and it is not necessary to an acceptance that the entire street should be forthwith opened when platted. (*Lee* v. *Town of Mound Station,* 118 Ill. 304; *Village of Augusta* v. *Tyner,* 197 Ill. 242; *Kennedy* v. *Town of Normal,* 359 Ill. 306.) Although a long period of non-action by the municipality in opening and using certain platted streets is evidence of its intent not to accept those streets (*Trustees of School of Township No. 44* v. *Kirane,* 5 Ill.2d 64,) it is not conclusive. See: *Kennedy* v. *Town of Normal,* 359 Ill. 306.

Plaintiffs argue that the city's action in formally accepting the street on January 7, 1958, shows that the city had not previously accepted the street. Under the circumstances of this case, as hereinbefore stated, partial acceptance of the street raised a presumption of acceptance of all of the street, which presumption was not rebutted. A formal acceptance by the city is not necessary and the formal acceptance in January, 1958, neither added to nor detracted from the city's previous acceptance.

The city is not barred from now opening and using all of the street because of the Statute of Limitations, (*Russell* v. *City of Lincoln,* 200 Ill. 511,) nor is the city estopped from now opening and using the remainder of the street.

A municipality may be estopped by its conduct to assert its right to a platted street, as where there has been a long period of non-use and permanent buildings or improvements have been constructed upon the land in good faith, (*City of El Paso* v. *Hoagland,* 224 Ill. 263; *Kennedy* v. *Town of Normal,* 359 Ill. 306,) but such is not the case here. The plaintiffs have a driveway, basketball court, shrubs, *et cetera,* upon the strip of ground, but they are not permanent improvements that will estop the city from claiming its right to the street.

There is a salutary reason why estoppel against a municipality should be used sparingly and only where the intent not to accept is evident. Streets are dedicated for the use of the public and the public's right to use them should not be lightly treated. In many small municipalities such as Lewistown, it would be impractical and uneconomical to formally open and maintain an entire street where there is no present usage by the public. However, when additional homes or other improvements are made requiring use of the entire street dedicated by plat, the municipality should then have the right to improve the remainder.

The trial court erred in holding that the city of Lewistown had not accepted the north 198 feet of the street in question. The decree of the circuit court of Fulton County is therefore reversed.

*Decree reversed.*