**The Village of Elwood, Illinois, a Municipal Corporation, Appellant, v. Tella B. Newell and Mabel C. Newell, Appellees.**

Gen. No. 64–5.

Third District.

March 26, 1964.

Gordon W. Bedford and Anton B. Mutz, of Joliet (Anton B. Mutz, of counsel), for appellant.

Barr, Murphy & Timm, of Joliet (Kenneth E. Timm, A. Edmund Peterson and Daniel S. Wentworth, of counsel), for appellees.

ROETH, JUSTICE.

Plaintiff Village of Elwood, Illinois, a Municipal Corporation, brought an action of ejectment against defendants Tella B. Newell and Mabel C. Newell, his wife, to recover possession of a certain street and alley in the Village. Defendants moved to dismiss the amended complaint on the ground that sufficient allegations were not made to sustain an action of ejectment. The Circuit Court of Will County, Illinois, sustained the motion and plaintiff elected to stand on its amended complaint. Judgment was entered for defendants and this appeal followed.

The sole question involved in this appeal is whether or not plaintiff's amended complaint states a cause of action. The amended complaint alleges that a plat of the Original Town of Elwood was recorded in Will County on October 31, 1856; that a certain street and alley described were and still are a dedicated street and alley in the Original Town of Elwood, "the fee simple title thereto being vested in said village"; that on October 31, 1956, plaintiff became the owner of and was possessed of the street and alley; that while plaintiff was the owner of and possessed of said street and alley, defendants entered upon the same on June 13, 1950, and unlawfully withhold possession thereof from plaintiff and the public. The main contention of

28

counsel for defendants is that the amended complaint is fatally defective in that it does not allege an acceptance of the street and alley or any facts from which an acceptance can be inferred.

■■ The law is well settled that where the owner of land lays it out in lots and blocks with streets and alleys and has it platted, the municipality acquires no title to the streets and alleys until it accepts them. Zemple v. Butler, 17 Ill2d 434, 161 NE2d 818. The mere recording of a plat and approval of the plat by the city at the time of its recording, does not constitute an acceptance of the streets and alleys contained therein, by the city. Trustees of Schools of Township No. 44 v. Kirane, 5 Ill2d 64, 124 NE2d 886. In the case at bar the most that can be said of plaintiff's amended complaint is that it undertakes to predicate title to the street and alley upon the mere recording of the plat. We are not unmindful of the language in Zemple v. Butler, supra, which discusses the question of acceptance from an evidentiary standpoint. Counsel for plaintiff concede that it would be incumbent on the plaintiff to prove an acceptance of the street and alley in question. From a pleading standpoint, however, since title of the plaintiff to the street and alley in question is dependent upon the plaintiff's acceptance of the street and alley, we are of the opinion that it was incumbent upon plaintiff to allege the ultimate fact of acceptance. Why this was not done, when the point was specifically raised by motion, is a mystery.

Accordingly the judgment of the Circuit Court of Will County will be affirmed.

Affirmed.

CULBERTSON, P. J. and SCHEINEMAN, J., concur.