Edward J. Loewenthal, et al., Plaintiffs-Appellants, v. The City of Highland Park, Illinois, a Municipal Corporation, Defendant-Appellee.

Gen. No. 65–92.

Second District.

May 4, 1966.

Rehearing denied June 9, 1966.

236

Sonnenschein, Levinson, Carlin, Nath & Rosenthal, of Chicago, and Hall, Meyer, Fisher, Van Deusen, Holmberg & Snook, of Waukegan, for appellants.

Thomas H. Compere, Corporation Counsel, of Highland Park (Russell Engber, Assistant Corporation Counsel, of counsel), for appellee.

MR. PRESIDING JUSTICE MORAN delivered the opinion of the court.

This appeal arises because of a conflict between the need of the City of Highland Park in Lake County, defendant-appellee, to reopen an access route to its lakefront and the desires of the property owners, plaintiffs-appellants, along that access route to remain in wooded seclusion.

The original plat of the City of Highland Park was recorded in 1869 and showed two access routes, namely Park Avenue and Ravine Place running to the Lake Michigan waterfront. Both roads met at the waterfront and split as they proceeded up the bluff to the main section of the city. In 1926, the city council changed the name of Ravine Place to Egandale Road and Egandale is the road now in controversy. Prior to 1933 Egandale Road was used for pedestrian and vehicular traffic, but upon the completion of the paving of Park Avenue in 1933, Egandale Road was barricaded to traffic at the top of the bluff. Even though the road has been closed to vehicular traffic the city and utility company have maintained water mains, electrical cables and a sanitary sewer within the right-of-way of Egandale Road. Subsequent to 1933, one of the plaintiffs, a Mr. Weinress, planted certain shrubs inside the right-of-way and he has maintained them in the sense that they have been pruned and thinned in an apparent effort to retard soil erosion.

As a result of increased traffic to and from the lakefront, the corporate authorities of the city determined to reopen and pave Egandale Road. Nearby property owners did not view this as an improvement and brought this action to restrain the city's plans.

The trial court issued a temporary injunction to keep the status quo and referred the matter to a master-in-chancery to take proofs. Subsequently, the master-in-chancery found the issues in favor of the city and the trial court entered a judgment order confirming his decision and dismissing the cause. The aggrieved property owners raise two issues on appeal; first, that the city has abandoned the right-of-way of Egandale Road, and secondly, that the city's proposed improvement, if that it be, is not in accordance with city ordinances covering road construction.

■■ It is a long standing rule in this state that mere nonuse by a municipality does not constitute an abandonment of a right-of-way. Village of Lee v. Harris, 206 Ill 428, 437, 438 (1903). As the Supreme Court said in Zempel v. Butler, 17 Ill2d 434, 439, 161 NE2d 818 (1959):

> "There is a salutary reason why estoppel against a municipality should be used sparingly and only where the intent not to accept is evident. Streets are dedicated for the use of the public and the public's right to use them should not be lightly treated."

■ The only exception to this rule is where the nonuse is of long standing and in reliance upon the nonuse, adjacent owners have made improvements of such a lasting and valuable character that to permit the public to assert the right to repossess itself of the road would entail great pecuniary loss and sacrifice upon the person making the improvements. City of DeKalb v. Luney, 193 Ill 185, 61 NE 1036 (1901). In the Zempel case the property owner had built a driveway, basketball courts and planted shrubs on the property in question and in that instance it was held that he had not made improvements of such a nature as to require an estoppel. In the case at bar, the most that can be said for the plaintiffs

is that they have planted certain shrubs. They allege that they have relied upon the nonuse by the city. On the other hand, all of the plaintiffs purchased their property after the recording of the original plat and they are presumed to know the existence of Egandale Road. They can hardly argue that they relied only upon the facts which helped them and ignored those facts harmful to their position.

██ We note in this connection that in reality there has been a user of the property by way of various utilities. That use has been of a continuous and permanent nature.

We conclude, therefore, as to the first point raised by the plaintiffs that the trial court was correct. There was a user and there has been no abandonment. Egandale Road remains as a public road within the city.

We are unable to clearly understand the plaintiffs' second point. The city proposes to install a twelve-foot pavement on Egandale Road. The plaintiffs complain that paving the road will damage their property; that the twelve-foot pavement does not comply with the city ordinances regarding road improvements; and, that the city is bound to install a wider and more substantial pavement. If a twelve-foot paved road would damage the plaintiffs' property, it is hard to understand how a wider paved road would benefit it.

██ ██ Regardless, the proposed improvement was initiated by the city council on June 8, 1959, when a motion was adopted to proceed with the resurfacing of Egandale Road at a cost of $2,500. The motion refers to a resurfacing and the cost of $2,500 makes it obvious that this was merely a maintenance job and not new construction. The street improvement ordinance of the city adopted in 1955 covers "roads created after the effective date of this Ordinance." It is apparent from a reading of the ordinance that it was not intended to

cover all of the streets and roads in the city but only those newly constructed after the effective date of the ordinance. If this were not the case, then the city would have to tear up all existing streets and bring them to the new standard. In addition, the city could not maintain any existing streets since most of them would not meet the standards of the new ordinance. The record shows that since the effective date of the road construction ordinance in 1955, the city has continuously maintained approximately 35 miles of streets which do not meet the standards of the improvement ordinance. We cannot believe that in adopting the improvement ordinance, the city intended to bar itself from street maintenance.

We have already found that Egandale Road is an existing street within the City of Highland Park. It has various utilities under current and continuous use and it has not been abandoned as a roadway by the corporate authorities. Therefore, the proposed work is merely maintenance and not construction. Under the city ordinance if it is maintenance then it need not meet the standards of the improvement ordinance of 1955 and the city in failing to meet these standards has not failed to comply with its own ordinances.

Viewing the record as a whole, we cannot say that the master and trial judge were incorrect in viewing the city's proposal as simply the maintenance of an existing street. The street in question has been in existence since 1869. It exists today. The city merely proposes to maintain it. We conclude that the city has every right to do so and the judgment is therefore affirmed.

Judgment affirmed.

DAVIS and ABRAHAMSON, JJ., concur.