**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 10, 2015
Decided May 7, 2015

**Before**

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 14-2745

| | |
|---|---|
| ROBERT NOBLE, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Central District of Illinois. |
| | |
| *v.* | No. 12-cv-02136 |
| | |
| VILLAGE OF ELLIOTT, et al., | David G. Bernthal, |
| *Defendants-Appellees*. | *Magistrate Judge*. |

**O R D E R**

After his car was towed from in front of his home, Robert Noble brought this 42 U.S.C. § 1983 action against the Village of Elliott, Mayor Tracy Mott, Wyatt's Collision and Repair, Ford County, and Ford County Sheriff's Lieutenant Curtis Miller (collectively, "the Village Defendants"). He alleged violations of the Fourth and Fourteenth Amendments and state law trespass. After the district court denied Noble's motion to exclude evidence that his car was parked on public property, it granted summary judgment to the Village Defendants. It held that the Village did not need to obtain a warrant or provide notice or a hearing in order to tow Noble's car because it presented a nuisance on public property. We affirm.

## I.    Background

Noble lives in the Village of Elliott, Illinois, a tiny town that, as of 2010, had a population of 295 and a per capita income of $18,203.00. On April 9, 2010, the Village mayor, Tracy Mott, directed Ken Wyatt of Wyatt's Collision and Repair to tow Noble's car from in front of his home. Noble retrieved his car from Wyatt's storage lot seven days later. He was forced to pay $200.00 in towing and storage fees. He also alleges that his chainsaw (which he stored in the car) was missing, only to be surreptitiously returned to him broken.

As authority for towing Noble's car, Mayor Mott relied on the Village's simple ordinance concerning inoperable motor vehicles:

> Inoperable motor vehicles, as defined herein, whether on public or private property and in view of the general public, are hereby declared to be a nuisance. All persons are required to dispose of any inoperable motor vehicles under their control within seven (7) days after written notice from the corporate authorities commanding such disposition of said inoperable motor vehicle.

Elliott Ordinance § 4-1-4. The definition of an inoperable motor vehicle includes those with expired license plates. Elliott Ordinance § 4-1-1. Noble does not dispute that his license plates were expired.

Noble sued the Village Defendants in state court alleging three counts of violations of his civil rights under the United States and Illinois Constitutions and one count of trespass. His federal constitutional claims were brought under the Civil Rights Act of 1964 (42 U.S.C. §§ 1983 and 1988) and allege 1) unlawful search and seizure in violation of the Fourth Amendment because his car was seized without a warrant; 2) deprivation of property without due process in violation of the Fourteenth Amendment because he did not receive notice or an opportunity to be heard before his car was towed; and 3) denial of equal protection under the Fourteenth Amendment (as a class of one) because the Village did not tow all the inoperable cars in the Village when his car was towed. The Village Defendants removed the case to federal court. 28 U.S.C. 1441(c)(1)(A).

The Village Defendants moved for summary judgment. In support of the motion, they provided testimony and evidence of the Ford County Supervisor of Assessments,

Candace Short. She testified that the contents of the Village plat, the county tax map, and Noble's deed description—all public records—revealed that the street in front of Noble's house had public right of way that extended approximately 40 feet from the center line of the street.

The significance of Short's testimony was that Noble's car was parked on public property because the gravel lot he used to park his vehicles was within 40 feet of the center of the street. Noble, however, had filed a verified complaint attesting that his car was parked on private property when it was towed. Noble quickly moved to exclude Short's testimony as an undisclosed expert witness. Nevertheless, in his response to the Village Defendants' motion for summary judgment, filed after his motion to exclude evidence, Noble stated that when his car was towed the front of his car was 32 feet and 5 inches from the center of the street. He also provided a certified, hand-drawn diagram based on his own measurements which showed that approximately half of his car was parked within the public right-of-way at the time it was towed.

The district court denied Noble's motion to exclude evidence and found that Noble's car was parked on public property at the time it was towed. Based on this finding, the district court granted summary judgment to the Village Defendants on Noble's Fourth Amendment and due process claims. It granted summary judgment to the Village Defendants on Noble's equal protection and trespass claims after finding that Noble presented insufficient evidence for those claims. Noble appeals.

## II.    Discussion

"We review the district court's evidentiary decisions for abuse of discretion and will reverse only where no reasonable person could take the view adopted by the trial court." *Clarett v. Roberts*, 657 F.3d 664, 669 (7th Cir. 2011). We review the decision to grant a summary judgment motion *de novo* and construe the evidence in the light most favorable to the nonmoving party. *Serednyj v. Beverly Healthcare, LLC*, 656 F.3d 540, 547 (7th Cir. 2011); *see also* Fed. R. Civ. P. 56(a).

### A.    *Witness declaration*

Noble argues that the district court improperly considered the declaration of Candace Short because she was an undisclosed expert witness. *See* Fed. R. Evid. 702. Short, however, did not testify as an expert but as a records keeper, what she was disclosed to be. She testified about the contents of the deed, plat, and tax map, all of

which were public records. Short neither provided an "expert's scientific, technical, or other specialized knowledge," nor did she testify to a fact at issue. Fed. R. Evid. 702(a). The existence of the property line was not at issue. What was at issue was whether Noble parked his car over the property line, to which Short did not testify and Noble admitted. Furthermore, Short's testimony was not "the product of reliable principles and methods," and she did not "reliably appl[y] the principles and methods to the facts of the case." Fed. R. Evid. 702(c) & (d). Because Short did not testify as an expert, the district court did not abuse its discretion by denying Noble's motion to exclude her declaration.

### B.      Fourth Amendment claim

Noble argues that the district court incorrectly relied on *Sutton v. City of Milwaukee*, 672 F.2d 644 (7th Cir. 1982), to hold that the towing of his car without a warrant was not unreasonable. The district court correctly recognized that, although *Sutton* concerns due process, it is instructive regarding the reasonableness of towing a car parked on public property when that car presents a nuisance. The Fourth Amendment protects against unreasonable searches and seizures, U.S. Const. amend IV, and *Sutton* holds that towing without notice or a hearing is a reasonable means of dealing with illegally parked cars, *id*. at 646. So too is it a reasonable means of abating a nuisance on public property. That was all that was done here: the Village towed Noble's car because it was a nuisance under the local ordinance and was on public property.

Noble argues that Ford County Sheriff's Deputy David Kaeding gave him a permissive license to park his car on public property in its current state and, alternatively, that his use of the gravel lot in front of his house for over 20 years gave him a prescriptive easement. Noble did not raise the permissive license argument below. Although he offered evidence that Officer Kaeding told him his car would not be towed, he did so to argue that he was not given proper notice, not that he was given a permissive license. His permissive license argument is therefore waived. *See Wong v. Accretive Health, Inc.*, 773 F.3d 859, 865 (7th Cir. 2014). Even if his permissive license argument is not waived, Noble presents no evidence that Officer Kaeding was authorized to excuse violations of Village ordinances. Noble's prescriptive easement argument also fails. Illinois law prevents easements by prescription against municipal property held out for public use. *See People ex rel. Kenney v. Goreville*, 154 Ill. App. 3d 1091, 1098, 507 N.E.2d 1247, 1251 (1987); *Zemple v. Butler*, 17 Ill. 2d 434, 438, 161 N.E.2d 818, 821 (1959).

### C.      Due process claim

Noble argues that the district court also wrongly relied on *Sutton* to hold that his due process rights under the Fourteenth Amendment were not violated. On this, *Sutton* is very clear: "it is not a violation of the due process clause to tow an illegally parked car without first giving the owner notice and an opportunity to be heard with respect to the lawfulness of the tow." *Sutton*, 672 F.2d at 646. Furthermore, "the additional safeguard of pre-towing notice and opportunity to be heard is not required in this case to prevent frequent errors. The determination that a car is illegally parked is pretty cut and dried." *Id*. Noble's car was parked on public land and was declared a nuisance by the local ordinance because it had expired tags. Both of these facts are "pretty cut and dried." *Id*. As in *Sutton*, the Village was not required to provide Noble notice or an opportunity to be heard before it removed this nuisance from public property.

### D.      Equal protection claim

Noble argues that his class-of-one equal protection claim should have survived summary judgment and been presented to a jury. For his class-of-one claim to succeed, Noble was required to show that he was intentionally treated differently from others similarly situated, and that there is no rational basis for the difference in treatment. *Fares Pawn, LLC v. Ind. Dep't of Fin. Insts.*, 755 F.3d 839, 845 (7th Cir. 2014) (citing *Willowbrook v. Olech*, 528 U.S. 562, 564, (2000)). As evidence of disparate treatment, Noble offered that other nuisance cars in the Village were not towed when his car and his neighbor's cars were towed. He did not, however, show that there was no rational basis for the difference in treatment. Instead, he relies on the standard proposed by this court in *Del Marcelle v. Brown Cnty. Corp.*, 680 F.3d 887 (7th Cir. 2012), which would have required him to show intentional discriminatory treatment not based on public duties and an improper personal motive, such as animus. *Id*. at 899.

Noble argues that his proffered evidence of Mayor Mott's animus was a material fact that should have been presented to the jury. But, this court did not adopt the standard proposed in *Del Marcelle*. *Id*. at 888. As it stands, "[a]ll it takes to defeat [Noble's] claim is a *conceivable* rational basis for the difference in treatment." *D.B. v. Kopp*, 725 F.3d 681, 686 (7th Cir. 2013). "If we can come up with a rational basis for the challenged action, that will be the end of the matter—animus or no." *Fares Pawn*, 755 F.3d at 845. As the district court found, a rational basis for the difference in treatment is

that the Village cannot be expected to tow every inoperable vehicle at once. This can explain why Mayor Mott towed the cars of Noble and his neighbor, but not others.

### E.     *Trespass claim*

Finally, Noble failed to address the dismissal of his state law trespass claim in his opening brief. He first argued for the claim's viability in his reply brief. Therefore, "[w]e cannot consider this argument; it is well-settled that arguments first made in the reply brief are waived." *TAS Distrib. Co. v. Cummins Engine Co.*, 491 F.3d 625, 630 (7th Cir. 2007).

### III.     Conclusion

The district court did not abuse its discretion by denying Noble's motion to exclude evidence and correctly held that Noble's rights under the Fourth and Fourteenth Amendments were not violated. Accordingly, we AFFIRM the judgment of the district court.